[No. 5328. Decided April 12, 1905.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES SHUCK, *Appellant*.[1]

CRIMINAL LAW—HORSE STEALING—INFORMATION—DESCRIPTION OF PROPERTY—CERTAINTY. An information for horse stealing, describing the horses as two certain mares of the value of $200, the property of F, is sufficiently certain and specific.

CRIMINAL LAW—TRIAL—SEPARATION OF JURORS—WAIVER OF OBJECTION. Error cannot be predicated on the separation of the jury in a criminal case, in that one juror was inadvertently allowed to separate from the others, where, upon convening court

[1]Reported in 80 Pac. 444.

and before the jury was called in, the accused consented to proceed with the trial, and the court was apparently ready to grant a new trial if objection had been made.

APPEAL AND ERROR—RECORD—EXCEPTIONS—JURORS—OBJECTION TO VENIRE. Objection to a special venire of twelve jurors in that a thirteenth man was substituted by the sheriff for one who was excused, cannot be urged where the record fails to affirmatively show such substitution, nor where no exception was taken to such juror.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered March 28, 1904, upon a trial and conviction of the crime of horse stealing. Affirmed.

*N. T. Caton* and *Martin & Grant,* for appellant.

*R. M. Dye,* for respondent.

CROW, J.—Appellant was convicted of the crime of horse stealing, and appealed to this court. Numerous assignments of error have been made, in substance, as follows: (1) That the court erred in refusing to sustain the challenge to the evidence of the state; (2) that the court erred in overruling appellant's demurrer to the information; (3) that the court erred in requiring appellant, in the presence of the jury, to consent that the trial might proceed after one of the jurors had, without permission, been separated from the rest of the panel; (4) that the court erred in impaneling the jury, said error being based upon an alleged illegal service of a special venire.

(1) The court committed no error in refusing to sustain the challenge of appellant to the evidence offered by the state. We have examined the evidence disclosed by the statement, and find it sufficient to authorize the question of the guilt or innocence of appellant to have been submitted to the jury.

(2) Appellant's second assignment is, that the court

erred in overruling his demurrer to the information.   He
contends that the information described the property al-
leged to have been stolen as "two certain mares, of the value
of $200, then and there being the personal property of
J. E. Florence;" that said description of "two certain
mares" is vague and uncertain, and not a sufficient identi-
fication of the animals alleged to have been stolen.   We
have examined the information, and think it sufficiently
specific, and in full compliance with all the requirements
of Bal. Code, § 6840.

(3)   The third assignment of error is apparently the
one upon which appellant bases his main reliance for a
reversal, and is the only one which he has discussed at any
considerable length.   The statement of facts makes the
following showing in regard to the separation of the jury
and action of the court thereon:

"Court convened pursuant to adjournment and the fol-
lowing proceedings were had: Court: Bring in the jury;
or rather, wait a moment.   I understand one of the jurors
separated from the other eleven at noon, and I want to
ask now what counsel wish to do in the matter.   It was the
understanding of one of the jurors, I believe, that he
might be allowed to go wherever he wished for his meals,
that the jury might be allowed to separate, and he did
separate from the others and went to another restaurant
and sat down to eat before he was missed.   I apprehend
it is a good time now to find out what counsel wish to do,
before the jury comes in.   He was alone when found.   Mr.
Martin (counsel for appellant) : If that is all, I suppose
we can go on and try the case.   Mr. Dye (prosecuting at-
torney) : I would like to know what defendant himself
wants to do in this case.   Mr. Martin: The defendant has
a lawyer to do his talking.   Court: Ask the defendant—
What have you to say, Mr. Shuck?   Mr. Shuck: I have
nothing to say; whatever my attorney says it is all right
with me.   Court: Are you willing to proceed with this

jury, Mr. Martin ? Mr. Martin: Yes sir. Court: Call the jury in."

Appellant contends the court compelled him, in the presence of the jury, to state whether or not he was willing to proceed with the trial; that he was compelled to consent to the trial proceeding in order that he might not prejudice himself before the jury. We cannot find that the request made by the court, or the consent given by appellant, occurred in the presence of the jury. In fact, the above quotation from the record would indicate that the jury·was not present. It is apparent that the consent given by appellant was free and voluntary, and was in no way prejudicial, as the court evidently intended to stop the trial unless appellant consented to proceed. Had appellant objected, the court undoubtedly would have adjudged a mistrial, and a new jury could have been impaneled. Appellant must now be held to have waived any objection he then had the right to make. Under Bal. Code, § 6947, it is provided:

"Juries in criminal cases shall not be allowed to separate, except by consent of the defendant, and the prosecuting attorney, but shall 'be kept together, without meat or drink, unless otherwise ordered by the court, to be furnished at the expense of the county."

In *State v. Place,* 5 Wash. 773, 32 Pac. 736, this court held it was reversible error to allow a jury to separate in a criminal case, during the progress of the trial, without the consent of the defendant having been first obtained; and in *State v. Holedger,* 15 Wash. 443, 46 Pac. 652, the proper practice to be followed, in obtaining the consent of a defendant to the separation of a jury in a criminal case, so that no prejudice could be created in the minds of the jurors, was suggested, this court saying:

". . . but we desire to take occasion to say that

considering the difficulty of making such a showing of injury by the party who claims to be aggrieved, we think it is a practice which should not be indulged in by trial courts, because, as appellant complains, if they did entertain any objection to the separation of the jury they were called upon to so state in the presence of the jury, and would thereby run the risk of incurring the displeasure of some juror. The court could very easily call counsel to him and ascertain privately and without the knowledge of the jury whether there were any objections to their separation." *State v. Stockhammer*, 34 Wash. 262, 75 Pac. 810.

Appellant rests his principal contention for a reversal on *State v. Parker*, 25 Wash. 405, 65 Pac. 776, but in that case the request of the defendant to state whether he objected to a separation of the jury was made in the presence of the jury, and before any separation had occurred. A juror, having learned of the sickness of a member of his family, asked to be temporarily excused. The defendant, in the presence of the jury, was thus compelled either to object or consent to the juror's separation from the rest of the panel. In holding the trial court to have committed error, Hadley, J., uses the following language:

"The appellant was placed in a very trying position before the jury, and one which we believe should not have been forced upon him at that stage of the trial, particularly in view of the fact that no separation of the jury had theretofore occurred. The embarrassing situation might have been relieved by a private consultation between the court, the prosecuting attorney, and appellant and his counsel. Or the jury might have been asked to retire for a short time pending the consideration of the matter. If, then, free consent to the separation had not been given, the jury would have simply been informed that for legal reasons the request of the juror could not be granted, and thereby no prejudice could have arisen in the mind of the juror against either party. For humane reasons, and

in order to relieve any apprehension in the mind of the juror concerning his sick daughter, an officer might have been sent to make inquiry, if consent to the separation had not been freely and voluntarily given. Undoubtedly the consent contemplated by the statute must be free and voluntary and not such as may be said to be forced from a defendant or from the state by reason of circumstances occurring in the presence of the jury."

It will be seen that this case is entirely different from *State v. Parker, supra.* Here the separation had already occurred without consent of the court, and appellant would not have been prejudiced by protesting against proceeding, for had he objected the trial would have at once ceased, and a new jury would have been impaneled. No error has been committed by the trial court, as appellant had every opportunity to insist that a new jury be impaneled, but waived any right he had to do so.

(4)   The remaining assignment of error is based upon the claim that, after the regular venire had been exhausted, a special venire was issued by the court, calling for twelve additional jurors; that such special venire was placed in the hands of the sheriff; that, under and by virtue of the same, twelve jurors were summoned, including one J. W. Fry; that Mr. Fry was excused by the court, and that afterwards the sheriff summoned another juror, a Mr. Bagley, substituting him in place of Mr. Fry; that Mr. Bagley afterwards became a member of the jury that convicted appellant. Appellant now insists that this was including a thirteenth man, in an open venire calling for twelve men only, and that the acceptance of said thirteenth man, as a member of the jury finally impaneled to try the case, was error. Appellant's contention is without merit, for the reasons, (1) that it does not affirmatively appear from the record that any such substitution was made by the sheriff, as suggested in appellant's brief; and

(2) that appellant at no time during the trial excepted to the juror Mr. Bagley. Whether or not the substitution of the name of an additional juror by the sheriff, under the circumstances suggested, would have been error, we will not discuss, the record failing to show that any such substitution was made.

There being no reversible error in the record, the judgment is affirmed.

MOUNT, C. J., DUNBAR, ROOT, and RUDKIN, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.