[No. 16356. Department One. July 21, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES ANDERSON, *Appellant*.[1]

INTOXICATING LIQUORS (6) — PROHIBITION — BOOTLEGGING — 18TH AMENDMENT. Prosecution under state laws for bootlegging and conducting illegal liquor joints is lawful as in aid of the enforcement of the 18th amendment to the constitution of the United States and the Volstead act passed pursuant thereto.

CRIMINAL LAW (407)—APPEAL—RECORD—AFFIDAVITS AS TO SEPARATION OF JURY. On appeal from an order denying a motion for new trial in a criminal case, on the ground the jury had been allowed to separate without the consent of the defendant, it will be presumed that the defendant knew of the separation and waived the error, where the affidavits upon which his motion was based are not attached to the statement of facts.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered July 24, 1920, upon a trial and conviction of being a jointist. Affirmed.

*Crandell & Crandell* and *McCarthy, Edge & Lantz*, for appellant.

*William C. Meyer* and *James Emmet Royce*, for respondent.

MACKINTOSH, J.—Appellant was convicted under an information charging him with being a jointist, and he has appealed.

He complains that the information was drawn under an act which is unconstitutional, and that it fails to allege facts sufficient to charge a crime. This court has already considered the question of the constitutionality of the jointist and bootlegging act, and decided the question presented by the appellant adversely to his position: *State v. Rousseau*, 111 Wash. 533, 191

[1]Reported in 199 Pac. 449.

Pac. 634; *State v. Burgess,* 111 Wash. 537, 191 Pac. 635; *State v. Hessel,* 112 Wash. 53, 191 Pac. 637.

It is suggested that the jointist act is unconstitutional for the reason that it conflicts with the eighteenth amendment to the Federal constitution. This contention has already been considered by this court in *State v. Turner,* 115 Wash. 170, 196 Pac. 638, and *State v. Woods, ante* p. 140, 198 Pac. 737. The question is therefore no longer an open one.

It is finally claimed that there was misconduct of the court and jury, in that the jury were allowed to separate during a short recess taken in the trial, without the consent of the defendant. The affidavits upon which this matter was urged, on the motion for a new trial, are not attached to the statement of facts, and, indulging in the presumption which makes for the regularity of trials, the record is barren of any showing that the appellant at the time did not know of the separation, he must be held to have known of it, and to have made no objection thereto, and to have proceeded with the trial of the case. Under such circumstances he must be held to have waived the error. *State v. Shuck,* 38 Wash. 270, 80 Pac. 444.

PARKER, C. J., BRIDGES, FULLERTON, and HOLCOMB, JJ., concur.