*In the Matter of the Application for a Writ of Habeas Corpus
of RAY THOMPSON, Appellant, v. TOM SMITH,
as Superintendent of the State Penitentiary,
Respondent.* [1]

*Ray Thompson, pro se.*

*The Attorney General* and *C. John Newlands, Assistant,*
for respondent.

SCHWELLENBACH, J.—This is an appeal from an order denying an application for a writ of *habeas corpus.*

Appellant, who is confined in the state penitentiary at Walla Walla, filed in this court an application for a writ of *habeas corpus.* The chief justice directed that a hearing on

[1]Reported in 204 P. (2d) 525.

the application be held in Lewis county, where appellant had originally been sentenced. The hearing was held February 16, 1948, before Honorable John E. Murray, Judge. Appellant was present and represented by counsel appointed by the court.

Appellant testified that at the time of his arrest, on a charge in count I of the information of the crime of burglary and in count II of the crime of grand larceny, the prosecuting attorney told him that if he did not plead guilty, he (the prosecutor) would bring an habitual criminal charge against him. He testified that he would not have entered a plea of guilty if he had not been threatened with an habitual criminal charge. Mr. John Panesko, who was prosecutor at the time appellant was arrested, testified that appellant asked him whether or not, if he entered a plea of guilty, he (the prosecutor) would file an habitual criminal charge against him because it would make his third conviction. He advised that he would not. Mr. Panesko testified that appellant then asked him what he would do if he would plead not guilty, as to the habitual criminal charge, and he told appellant that, in that event, he would have to await the outcome of the trial before deciding what to do.

At the close of the hearing the trial court denied the application for the writ. Appellant raises the following issues: (1) that he was coerced into entering his plea; (2) that in accepting his plea of guilty, the court violated his constitutional right of trial by jury; (3) that the counts were improperly joined in the information; (4) that there was no preliminary hearing; (5) that the judgment is void in that the action was prosecuted by information, rather than by the indictment of a grand jury; (6) and that no written complaint was filed by the prosecuting witness.

■■ We shall first dispose of issues (3), (4), and (6). No constitutional questions are raised by any of these issues. Each issue raised is an attempt to attack the judgment and sentence collaterally by *habeas corpus* proceedings. Such action can be maintained only if the judgment and sentence is void on its face. *In re Higdon,* 30 Wn. (2d)

546, 192 P. (2d) 744, and cases cited therein. Inasmuch as the judgment and sentence is not a part of the record in this proceeding, we assume that it is regular and valid on its face and hence not subject to collateral attack.

■ (1) Appellant complains that he was coerced into entering a plea of guilty and that this amounted to deprivation of due process. While we agree that a conviction on a plea of guilty, obtained by coercion, would be in violation of the accused's constitutional rights, the facts heretofore related convince us that there was no coercion and that the plea was entered voluntarily. The trial court found that there was no coercion, and such findings will not be disturbed on appeal unless we can say that such findings are clearly not supported by the weight of the evidence. *Wade v. Bartek,* 30 Wn. (2d) 483, 191 P. (2d) 701.

■ (2) Art. I, § 22, of the state constitution gives to an accused the right to trial by an impartial jury; but the right may be waived by pleading guilty, unless the charge is murder. *In re Brandon v. Webb,* 23 Wn. (2d) 155, 160 P. (2d) 529.

■ (5) The recent case of *In re Payne v. Smith,* 30 Wn. (2d) 646, 192 P. (2d) 964, forecloses appellants contention that the judgment was void in that the action was prosecuted by information, rather than by the indictment of a grand jury.

We find no errors appearing at the hearing. Throughout the entire proceedings the appellant was fully protected in his statutory and constitutional rights. The order denying the writ of *habeas corpus* is affirmed.

JEFFERS, C. J., ROBINSON, SIMPSON, and GRADY, JJ., concur.