[No. 30903. Department Two. December 14, 1949.]

*In the Matter of the Petition for a Writ of Habeas Corpus of* EUGENE PENNINGTON, *Appellant,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 212 P. (2d) 811.

*R. Max Etter,* for appellant.

*The Attorney General* and *John D. Blankinship, Assistant,* for respondent.

MALLERY, J.—This appeal is from an order denying an application for writ of *habeas corpus* after a hearing on a show cause order.

Appellant was arrested May 19, 1947, on a warrant issued by a justice of the peace of Spokane county upon the complaint of Ralph Smith, sheriff of that county, which charged him with carnally abusing his eleven year old daughter. He was not taken before a committing magistrate for a preliminary hearing.

May 22, 1947, the prosecutor filed an information charging appellant with carnal knowledge of a female child under the age of eighteen years. The same day, he was arraigned and pleaded guilty. After the information was read to him, upon arraignment, the following questions were asked by the court and answers given by petitioner:

"Q. Eugene Pennington is your true name? A. Yes sir. Q. Do you have an attorney? A. No sir. Q. Do you want an attorney? A. No sir. Q. You understand your rights under the law, that if you haven't funds with which to

employ an attorney the court will appoint one if you request it? A. I don't see that it would do any good, sir. Q. You understand your rights however? A. Yes sir. Q. You do not want an attorney? A. No sir. Q. Are you ready to enter your plea at this time? A. Yes sir."

Upon his plea of guilty, appellant was sentenced to the state penitentiary according to law. At the show cause hearing, appellant contended that his plea of guilty was neither voluntarily nor intelligently made because unlawful duress, coercion, threats, and undue influence were used against him by the law enforcement officers after his arrest in the following particulars:

He was not permitted to use a telephone or to contact his wife or relatives and they were refused permission to see him; he was not given a preliminary hearing before a committing magistrate. The sheriff and prosecutor did not inform him of his rights, or identify the complaining witness, but misinformed him that his wife had made the complaint. He was told that no lawyer would take his case, that he would be in jail several months awaiting trial and that, meanwhile, the child might be taken from his wife.

He did not see his wife until after his plea and the juvenile authorities released his daughter immediately after he was sentenced.

On the question of the necessity for a preliminary hearing, Rem. Rev. Stat., § 1949 [P.P.C. § 162-1], provides as follows:

"§ 1949. Examination of offenses before magistrate. Upon complaint being made to any justice of the peace, or judge of the superior court, that a criminal offense has been committed, he shall examine on oath the complainant, and any witness provided by him, and shall reduce the complaint to writing, and shall cause the same to be subscribed by the complainant; and if it shall appear that any offense has been committed of which the superior court has exclusive jurisdiction, the magistrate shall issue a warrant reciting the substance of the accusation, and requiring the officer to whom it shall be directed forthwith to take the person accused and bring him before the person issuing the warrant, unless he shall be absent or unable to attend thereto, then before some other magistrate of the county, to

be dealt with according to law, and in the same warrant may require the officer to summon such witnesses as shall be therein named, to appear and give evidence on the examination."

This section does not provide the exclusive method by which criminal charges may be brought. It regulates charges by private persons made before a committing magistrate which will cause him to inquire into the complaint. Where, however, the prosecutor elects to proceed independently, he is not required to invoke Rem. Rev. Stat., § 1949, but may file an information on his own authority. A preliminary hearing is not necessary to due process. See *State v. McGilvery,* 20 Wash. 240, 245, 55 Pac. 115; and the cases cited therein; *State v. Shears,* 119 Wash. 275, 278, 205 Pac. 417; and *In re Thompson v. Smith,* 33 Wn. (2d) 142, 204 P. (2d) 525.

Appellant was not denied his right to counsel. The court offered him counsel on his arraignment. He refused it. Failure to offer counsel earlier in a case does not violate one's constitutional rights. *United States v. McDonnell,* 130 F. (2d) 1012.

A plea of guilty must be voluntary to sustain a conviction. There is no due process of law where a plea of guilty is involuntary because of coercion. *Waley v. Johnston,* 316 U. S. 101, 86 L. Ed. 1302, 62 S. Ct. 964.

A plea of guilty is involuntary when made under such inducements as would cause an innocent person to confess guilt. 3 Wigmore on Evidence (3d ed.), § 824.

The trial court found there was no coercion and such a finding will not be disturbed on appeal unless it is patently unsupported by the weight of the evidence. *In re Thompson v. Smith, supra.*

Irregularities prior to arraignment are not subject to inquiry by writ of *habeas corpus* after conviction and sentence. In *Young v. Sanford,* 147 F. (2d) 1007, cert. denied, 325 U. S. 886, 89 L. Ed. 2001, 65 S. Ct. 1567, it was said:

"The grounds for relief set forth in the petition related, with a single exception, to alleged irregularities and improprieties in the arrest and *treatment of appellant prior to*

*his trial,* and in the procurement of evidence to be used against him. It is settled that such matters must be urged by way of defense upon the trial and by appeal; they do not constitute grounds for release by *habeas corpus.*" (Italics ours.)

A rule to the contrary would permit collateral attacks by *habeas corpus* on valid judgments. *In re Thompson v. Smith, supra.*

Appellant relies on the Federal cases of *Chambers v. Florida,* 309 U. S. 227, 84 L. Ed. 716, 60 S. Ct. 472; *McNabb v. United States,* 318 U. S. 332, 87 L. Ed. 819, 63 S. Ct. 608; *Anderson v. United States,* 318 U. S. 350, 87 L. Ed. 829, 63 S. Ct. 599; *Ashcraft v. Tennessee,* 322 U. S. 143, 88 L. Ed. 1192, 64 S. Ct. 921; *Haley v. Ohio,* 332 U. S. 596, 92 L. Ed. 224, 68 S. Ct. 302; *Gros v. United States,* 136 F. (2d) 878; *Runnels v. United States,* 138 F. (2d) 346 and on many cases from other states. They involve the admissibility, *on the trial* of a criminal action, of induced confessions and other coerced evidence. Their facts involve pre-trial third degree methods calculated to break the strongest will and nerve, dragnet methods, the compulsion and intimidation of minors. They do not involve collateral attacks by *habeas corpus* on valid judgments. They are not in point.

The order is affirmed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.