[No. 34542. Department One. July 23, 1959.]

*In the Matter of the Application for a Writ of Habeas Corpus of* LAWRENCE D. HOY *et al., Appellants, v. B. J.* RHAY, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 342 P. (2d) 607.

*Adolf D. Koch,* for appellants.

*The Attorney General, Stephen C. Way, Assistant,* and *Michael R. Alfieri, Special Assistant,* for respondent.

DONWORTH, J.—In June, 1956, a petition was filed in this court by Lawrence Hoy and Robert McGrath, inmates of the state penitentiary at Walla Walla, for a writ of *habeas corpus.* Since the time of the original filing of this petition, Merle E. Schneckloth, superintendent of the state penitentiary at Walla Walla, was succeeded by B. J. Rhay on January 16, 1957. Upon stipulation of counsel for the parties, this court entered an order substituting B. J. Rhay as respondent in lieu of Merle E. Schneckloth. On the twenty-first of November, 1956, this court entered an order directing the superior court of Whatcom county to hold a hearing

and dispose of the issues tendered in relation to the petition, subject to the right of appeal.

In compliance with this order, a hearing was held before the superior court of Whatcom county, which lasted four and one-half days. Hoy and McGrath (whom we shall also refer to as petitioners) were personally present at the hearing and were represented by counsel. At the close of the hearing, the trial court rendered an oral decision, made findings of fact and conclusions of law, and entered an order dismissing the petition. Petitioners' motion for a rehearing was denied after argument, and they have appealed to this court.

The appeal comes to us with eleven assignments of error, which are much too lengthy to list separately. The principal question raised by the assignments is whether petitioners' plea of guilty to grand larceny was the result of coercion or not.

The statement of facts comprises 538 pages, and, as one might expect in a case of this nature, much of the testimony is sharply conflicting. However, the record established the following facts.

Evelyn Hoy, Muriel Burchill, and petitioners (all residents of Canada) were arrested and jailed in Bellingham on February 12, 1955. Evelyn Hoy is the alleged common-law wife of Lawrence Hoy and Miss Burchill is the alleged fiancee of Douglas McGrath. On February 17, petitioners and Evelyn Hoy were charged in the superior court for Whatcom county with the crimes of second-degree burglary in one count and grand larceny in two counts. Miss Burchill was separately charged as an accessory. On April 7, Mr. Hoy and the two women entered pleas of not guilty to all charges and Mr. McGrath requested the court to appoint counsel for him.

On the morning of April 12, the county jailer and Miss Burchill took a razor blade from Evelyn Hoy. That afternoon, Mr. Asmundson, who had been acting as counsel for both Mr. Hoy and Evelyn Hoy, conferred with them concerning their case. At this meeting, it was quite apparent

that there had been a substantial deterioration in the mental condition of Evelyn Hoy. She appeared listless, showed no interest in anything discussed, and seemed to be without comprehension generally. Her appearance upset Mr. Hoy, who claims that he told Mr. Asmundson that he was going to change his plea to guilty because the police officers had promised the men that the women would be released if they (Hoy and McGrath) would plead guilty to any one of the three counts in the information.

Mr. Asmundson's testimony tended to corroborate the mental condition of Evelyn Hoy and the deep concern of Mr. Hoy. However, he was unable to recall any statement by Mr. Hoy relating to any promises alleged to have been made by the police officers. The pertinent portion of Asmundson's testimony, on cross-examination, is as follows:

". . . about all I can recall about that visit or of that visit is that Mr. Hoy expressed some concern about his wife's condition. He did tell me he was concerned about her. If I remember correctly, he made some statement to the effect that he was, he would clear her of this whole mess so that she would get out. I can't tell you in what words he said it, but at least that's the understanding I got from him."

On the evening of April 12, petitioners, of their own volition, sent for Mr. Moreau, a Bellingham police detective who was handling their case, and gave him written confessions wherein they admitted their own guilt and absolved the women from any participation in, or knowledge of, the crime.

The next morning, April 13, Evelyn Hoy attempted suicide by slashing both wrists with a razor blade. That afternoon, petitioners appeared in open court, where Mr. Hoy withdrew his original plea of not guilty to all three counts, and then, along with McGrath, pleaded guilty to count III, which reads as follows:

"That on or about the 30th day of January, 1955, said defendants Robert J. McGrath, Lawrence D. Hoy and Evelyn Hoy, also known as Evelyn Bennett, and each of them, then and there being in the City of Bellingham, Whatcom County, Washington, did wilfully, unlawfully and feloni-

ously receive and aid in concealing or withholding property belonging to another, to-wit: the sum of approximately $300.00 in lawful money of the United States of America, knowing the same to have been wrongfully appropriated in such a manner as to constitute larceny under the statutes of this state, and with intent to deprive or defraud the owner thereof."

After hearing the evidence and interrogating the petitioners, the court imposed judgment and sentence upon petitioners consisting of confinement in the penitentiary at Walla Walla for not more than fifteen years. The charges against Miss Burchill were then dismissed and she was released from custody. On April 15, 1955, Evelyn Hoy was found to be insane and was committed to Northern State Hospital in Sedro-Woolley by order of the superior court for Whatcom county.

It is now the contention of petitioners that they had no intention of making confessions and entering pleas of guilty, but that their confessions and pleas were coerced by the police officers' continual questioning, heckling, and mistreatment of the women, as a result of which Evelyn Hoy eventually became insane and Miss Burchill developed a nervous condition. Thus the petitioners, as human beings, were left no alternative but to confess and enter pleas of guilty so that the women could go free.

Petitioners also claim that they were not *in fact* represented by counsel and that the police officers threatened them with imprisonment for forty-five years if the case went to trial before a jury. It is further asserted that, in return for their pleas of guilty, petitioners were promised that the women would be released, that the charges against petitioners would be withdrawn and a single accessory charge substituted therefor, and that the prosecutor and the judge would recommend to the parole board a low minimum sentence so that petitioners would have to serve only about eight months.

All of petitioners' contentions raise questions of fact which were resolved against them by the trial court. In finding of fact No. 2, the court found:

"That on the 13th day of April, 1955, the petitioner Robert J. McGrath, appeared in open court in person and with his attorney, Mr. William A. Gardner, and the petitioner Lawrence D. Hoy appeared in person and with his attorney, T. B. Asmundson; that the following colloquy took place: 'THE COURT: Mr. McGrath, at your request the Court appointed counsel to represent you, and you are now in Court with your counsel so appointed by the Court. Has your attorney explained to you all your rights? DEFENDANT McGRATH: Yes, sir. THE COURT: You understand the difference between pleas? DEFENDANT McGRATH: Yes, sir. THE COURT: And you understand the nature of these alleged crimes against you and you understand your rights? DEFENDANT McGRATH: I do, sir. THE COURT: And has there been any kind of inducements or promises or threats by anyone, by any officers or by anyone in the Prosecuting Attorney's office or anyone just now in your mind, which would influence your plea in this case? DEFENDANT McGRATH: No, sir. . . . the Court says: "Mr. Hoy, you are in Court with your own attorney, chosen by yourself, and I take it he has advised you as to all your legal rights?" Mr. Hoy, answering personally: "Yes, sir." ' After the foregoing colloquy, both petitioners then pleaded guilty to the one count of grand larceny."

In findings No. 6 and No. 7, the court found that no threats, persuasion, promises, inducements, or coercion, either physical or mental, were made by any member of the Bellingham police force, the Whatcom county sheriff's office, or the Whatcom county prosecuting attorney's office to compel the petitioners to sign a confession or enter a plea of guilty.

We cannot disturb such findings on appeal unless the evidence preponderates against them. *In re Tugas*, 41 Wn. (2d) 33, 246 P. (2d) 851 (1952), and cases cited therein; *In re Pennington v. Smith*, 35 Wn. (2d) 267, 212 P. (2d) 811 (1949). We have carefully examined the entire record and find that the evidence does not so preponderate. Although we are convinced that Mr. Hoy's confession and plea of guilty were primarily motivated by his concern over the welfare of Evelyn Hoy, this fact alone does not constitute coercion. The exact cause of her mental illness is unknown; however, the fact that she was found to be an al-

coholic at the time of her commitment to a mental institution is significant. In any event, the important factor, in so far as this proceeding is concerned, is that we find nothing to indicate that her condition was caused by any mental or physical maltreatment at the hands of the police officers. As for Miss Burchill, we do not find that her physical or mental condition had deteriorated in any respect. Naturally, she found two months' confinement irksome, but the record shows that both of these women were accorded proper treatment during their confinement in the county jail.

Petitioners claim that they were prejudiced because the trial judge, in rendering his decision, took into account their previous criminal records.

 The court stated that these men were hardened professional criminals. The record certainly warrants this conclusion. Each petitioner admitted having had numerous convictions of felonies and lesser crimes and having spent a large portion of their respective lives in various penal institutions in Canada.[2] At the time of his arrest, Mr. Hoy was operating a bootleg and gambling establishment in Vancouver, B. C. The trial judge noted that aliases, deception, and subterfuge had become almost a part of their personalities. The issues raised by petitioners at the hearing necessarily involved their credibility, which depended, in large part, upon the court's evaluation of their credibility as shown by their appearance on the stand and other pertinent factors, including their prior records. Thus, the fact that the trial judge disbelieved much of their testi-

---

[2]Hoy had the following criminal record: 1937, car theft; 1937, breaking and entering, and theft; 1940, car theft; 1940, breaking and entering, theft and assault; breaking and entering, possession of a firearm; 1940, robbery with violence; possession of firearms; unlawful wounding; escape from custody; 1950, theft of money, and car theft; 1952, breaking and entering; plus some minor convictions for misdemeanors which were not enumerated. McGrath's criminal record was: 1936, breaking and entering; 1936, attempt to break and enter, and theft; 1936, conspiracy to commit an indictable offense; 1938, breaking and entering, theft, auto theft, and escape from custody; 1945, possession of burglary tools; 1946, two counts of breaking and entering; 1953, theft.

mony as a result of his consideration of all these factors, does not support the contention that he was so prejudiced against petitioners that he could not accord them a fair hearing on their petition.

■■ Petitioners' final contention is that count III of the information (quoted above) is legally insufficient because of indefiniteness. It is a well-established rule that in a *habeas corpus* proceeding we will not inquire into the legal sufficiency of an information where the judgment and sentence is regular on its face. *In re Mooney v. Cranor*, 38 Wn. (2d) 881, 233 P. (2d) 850 (1951), and cases cited therein. Although the judgment and sentence is not a part of the record in this case, it will be presumed that it is regular and valid. *In re Thompson v. Smith*, 33 Wn. (2d) 142, 204 P. (2d) 525 (1949).

■ Counsel for petitioners devoted six and one-half days to the trial of this case in addition to his services on this appeal, all without compensation. It is requested that this court, by its inherent power, in some manner arrange for his compensation, which certainly is well-deserved. We appreciate the time and effort expended by counsel in this cause in behalf of the indigent petitioners. However, we regret that we know of no legal means by which we can honor such a request. Under these circumstances, we can only express this court's appreciation to petitioners' counsel for his efficient assistance which he has rendered in the finest traditions of the profession.

The trial court accorded petitioners a full and fair hearing on all matters raised by them, and its order denying their petition for a writ of *habeas corpus* is affirmed.

WEAVER, C. J., OTT, FOSTER, and HUNTER, JJ., concur.