[No. 35520.    Department One.    November 17, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK L. MANNING, *Appellant*.[1]

[1]Reported in 356 P. (2d) 721.

*C. Dean LaRowe,* for appellant.

*R. DeWitt Jones* and *Robert L. Harris,* for respondent.

MALLERY, J.—The defendant was convicted of the crime of grand larceny by check. He seeks a new trial by this appeal.

He had been in a tavern in Vancouver, Washington, on January 5, 1960, and had borrowed some blank checks from someone there. Not long after, he discussed a plan for taking some insurance on a fleet of trucks with an agent of an insurance company. He then wrote a check for thirty-five dollars, which the agent cashed. He had no account in the bank. He was arrested later in the day and charged with vagrancy.

He pleaded guilty to the charge of vagrancy the next day and was sentenced to five days in the city jail. On January 11th, he was transferred to the county jail and, on January 13th, was informed against for grand larceny by check, and his bail was set at twenty-five hundred dollars.

He entered a plea of not guilty on January 25th, at which time the bail was reduced to fifteen hundred dollars. On the following day, his case was set for trial on February 19th.

On February 9th, his counsel was furnished with a list of the prosecution witnesses, and, on February 17th, he was served with a warrant of arrest, which warrant incorrectly indicated the original bail of twenty-five hundred dollars, rather than the amount to which it had been reduced. He was convicted by a jury on February 19th in a trial in which he was represented by counsel.

He contends he should have a new trial because the warrant of arrest was not served upon him until February 17, 1960, thirty-four days after the information was filed and two days prior to his trial. He relies upon RCW 10.31.010, which provides:

"When an indictment is found or an information filed the court may direct the clerk to issue a warrant for the arrest of the defendant, returnable forthwith; if no order is made the clerk must issue a warrant within ten days after the indictment is returned into court or the information filed."

The appellant was arrested on January 5, 1960, for vagrancy and remained in custody until his trial. The service upon him of the warrant, under the circumstances, was only for the purpose of making a public record of his arrest and to constitute authority for his continuance in custody. The provisions of RCW 10.31.010, *supra,* do not contemplate that a defendant is necessarily at large prior to information, and, hence, the issuance of the warrant is authority to not only apprehend a defendant but to continue his custody as the case may be.

In the latter case, the statute contemplates the keeping of a public record which shows the authority under which a defendant is being held. The remedy for being unlawfully held in custody is a writ of *habeas corpus,* and the statute contemplates the warrant as an answer to such a writ. None of these matters affect the fairness of a subsequent trial.

The appellant seeks a new trial because he was not arraigned until after he had been in the county jail for two weeks. He relies upon RCW 10.40.010, which provides:

"When the indictment or information has been filed the defendant, if he has been arrested, or as soon thereafter as he may be, shall be arraigned thereon before the court."

We see nothing improper in the arraignment of the appellant two weeks after his arrest and twelve days after filing of the information. See *State v. Lane,* 37 Wn. (2d) 145, 222 P. (2d) 394.

The foregoing grounds for seeking a new trial are not related to (1) the admissibility of any particular evidence, (2) any statute of limitations, or (3) any theory of former jeopardy. It is obvious that a new trial on such grounds would permanently bar a prosecution for the offense be-

cause they could be repeated as an objection to his trial as often as the prosecution would attempt to bring it on for hearing. Only, the remaining assignments of error are incident to the trial itself.

On the first day of the trial the jury was permitted to separate. When this was called to the court's attention, it offered the appellant a new trial, but both appellant and his counsel preferred to keep the same jury and consented to a resumption of the trial then in progress. Appellant thus specifically waived the separation of the jury as an error. *State v. Shuck*, 38 Wash. 270, 80 Pac. 444.

On January 26th, the appellant's trial was set for February 15th. The prosecution did not serve its list of witnesses on the appellant until February 9th.

The appellant assigns as error the failure of the prosecution to supply the list on January 26th, as required by statute. RCW 10.37.030.

This assignment is without merit. The appellant made no objection to the late service, made no request for a continuance, and has suggested no prejudice suffered. Furthermore, he declined the court's offer of a new trial, though on another ground, subsequent to the time of the claimed error. See *State v. Willis*, 37 Wn. (2d) 274, 223 P. (2d) 453.

The appellant contends that he was compelled to testify against himself because a witness referred to him as a felon. This occurred during the appellant's cross-examination of a witness for the state. The answer complained of was in direct response to appellant's question relating to the vagrancy charge against the appellant. The examination was as follows:

"Q. What is a vag? A. Well, in his case I had knowledge that he was a convicted felon and he was hanging out in a drinking place. Q. Is this vag? A. Yes, sir. Q. And do you have a city ordinance regarding that? A. Yes, sir. . . . Q. You stated you had knowledge that this man was a convicted felon? A. Yes, sir. Q. How did you acquire— A. It came through the Portland Police Department."

The appellant was exercising his constitutional right to confront and cross-examine the witnesses produced against him. He cannot complain about responsive answers to his own questions.

The judgment is affirmed.

WEAVER, C. J., DONWORTH, FINLEY, and OTT, JJ., concur.