[No. 37863.    Department One.    March 3, 1966.]

*In the Matter of the Application for a Writ of Habeas Corpus of* DAVID L. OLLISON *et al., Petitioners* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.**

*David L. Ollison* and *Sandy Wallace, Jr.,* pros se.

*The Attorney General* and *Lee D. Rickabaugh, Assistant,* for respondent.

PER CURIAM.—Petitioners, David L. Ollison and Sandy Wallace, Jr., now confined in the state penitentiary at

*Reported in 412 P.2d 111.

Walla Walla under a judgment and sentence of imprisonment for grand larceny entered on a verdict of guilty, seek their release from confinement by writ of habeas corpus filed directly in this court. They appealed the judgment and sentence, and this court, after considering all errors presented, affirmed. *State v. Ollison, ante* p. 65, 411 P.2d 419 (1966).

In their petition, they urge both the illegality and irregularity of the proceedings and methods by which the State of Washington extradited them from Indiana to Washington state for trial in Pierce County. We need not consider the regularity or legality of the extradition proceedings, for the record of this habeas corpus proceedings and the record of trial and appeal wherein petitioners were convicted both demonstrate that the Superior Court of the State of Washington in and for Pierce County had jurisdiction to try the defendants on the information filed and to enter a valid and subsisting judgment and sentence.

■ Because the appellants were present with counsel in the superior court for arraignment, trial and imposition of sentence, we are of the opinion that habeas corpus is not available to them for irregularity or even illegality in the extradition proceedings which brought them into the jurisdiction of the trial court. Habeas corpus does not lie to discharge one irregularly or even illegally brought before a court for arraignment and trial. 25 Am. Jur. *Habeas Corpus*, § 34 (1940).

In *In re Pennington v. Smith*, 35 Wn.2d 267, 212 P.2d 811 (1949), we said:

Irregularities prior to arraignment are not subject to inquiry by writ of *habeas corpus* after conviction and sentence.

Likewise, it was said in *Frisbie v. Collins*, 342 U.S. 519, 96 L. Ed. 541, 72 Sup. Ct. 509 (1952):

This Court has never departed from the rule announced in *Ker v. Illinois*, 119 U.S. 436, 444, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." No persuasive

reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.

This court has steadfastly adhered to the rule that, even though the arrest be invalid, the court has jurisdiction of the defendant if he enters a plea of not guilty and is present at trial. *State v. Manning,* 57 Wn.2d 327, 356 P.2d 721 (1960); *State v. Lemons,* 53 Wn.2d 138, 331 P.2d 862 (1958); and *State v. Ryan,* 48 Wn.2d 304, 293 P.2d 399 (1956).

The petition for habeas corpus is, therefore, denied.