[No. 38825.    Department One.    November 3, 1966.]

THE STATE OF WASHINGTON, *Respondent,* v. BENSON RAY BOWMAN, *Appellant.*[*]

*Horrigan, Sullivan & McKinlay,* by *Edward H. McKinlay* (Appointed counsel for appeal), for appellant.

*C. J. Rabideau,* for respondent.

LANGENBACH, J.[†]—The defendant was charged with the crime of carnal knowledge of a 15-year-old female. From a conviction he has appealed.

On September 6, 1965, a defective complaint charging the defendant with contributing to the delinquency of the minor was filed in Franklin County. It was filed with a person who purported to be, but was not, a temporary magistrate.

[*]Reported in 419 P.2d 786.

[†]Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The supposed magistrate issued, without hearing, a warrant for defendant's arrest.

The defendant, subject of an all points bulletin, was apprehended in California. When taken by that state's police, he was in the company of the young girl with whose violation he was subsequently charged. As a basis for holding him, a copy of the invalid Franklin County warrant was telegraphed to California. This telegram incorrectly designated the offense charged as a felony.

The California authorities informed the defendant that he had been charged in Washington with a felony. He was advised of his constitutional rights to counsel, and to remain silent, and that anything he said might be used against him. He was also advised that the district had a public defender. He did not seek assistance of counsel. He admitted he was 34 years old, had known the girl in Franklin County, had had sexual relations with her in Pasco and that they were on their way to Mexico to get married. He agreed to waive extradition proceedings and, such a waiver having been prepared, he read and signed it before a local justice of the peace. He was then returned to the state of Washington by a Franklin County deputy sheriff.

Upon his return to Franklin County, defendant discovered the various irregularities in the complaint, warrant and justice court proceedings. He personally prepared a petition for a writ of habeas corpus and gave it to the county sheriff. The petition was filed September 22, 1965, but no hearing was ever held concerning it.

On September 20, 1965, the prosecuting attorney filed an information charging the defendant with the crime of carnal knowledge. An attorney was appointed to represent him. At arraignment the attorney moved for a dismissal of the information and for the return of defendant to California. His ground for these motions, as well as for those which were to follow, was the accumulation of irregularities in the procedure by which the defendant was returned to Washington. He particularly emphasized that had defendant known that he was charged with a mere misdemeanor he would never have signed the waiver. He insisted that

the court had no jurisdiction of the matter because of the way in which he was brought before the court.

The form and sufficiency of the information were never attacked. The court denied both motions and defendant refused to enter any plea. The court then ordered a plea of not guilty to be entered for him. RCW 10.40.190. Defendant waived an immediate trial before the jury then in session and the case was continued to the spring term of court.

When the case was called for trial on February 7, 1966, defense counsel again moved for a dismissal of the information and the return of defendant to California. The motions were again denied. Thereafter, defendant and his attorney refused to participate in any of the court's proceedings— selection of the jury, examination of witnesses, instructions of the court and argument. In the absence of the jury, the trial judge stated that he understood it was defendant's intention to remain silent during the trial. His attorney replied that defendant wished to take no part in the trial. The only defense participation (while the jury was absent) was in submission of testimony concerning the issuance of the complaint and warrant, and matters relevant to defendant's arrest and removal from California. After the state had presented its uncontroverted evidence, the jury returned the only verdict possible under the circumstances —guilty.

Defendant then moved for an arrest of judgment and dismissal of the action. When this was denied, he was sentenced. His trial counsel was appointed for the purpose of prosecuting this appeal in forma pauperis.

The errors assigned are in not granting defendant's motions at time of arraignment and at commencement of trial, for dismissal of the information and for his return to California. Error was also claimed in the refusal to grant his motion in arrest of judgment. We can find no error in the denial of these motions.

The defendant himself filed a brief which assigned as error the fact that the trial court had no jurisdiction of the subject matter or of his person. It is entirely clear that the

trial court did have jurisdiction, both of the subject matter and defendant.

■ For jurisdiction of the subject matter we need look no further than Const. art. 4, § 6 (amendment 28) which states: "The superior court shall have original jurisdiction . . . in all criminal cases amounting to felony . . . ."

The essential argument of defendant, which was reflected in the various motions in the trial court, concerned the supposed impropriety of the trial court's exercise of jurisdiction over the person of one irregularly returned to the state. The irregularities revealed in this case are not denied. But to assert that they deprived the trial court of jurisdiction over defendant's person is to ignore the importance of his presence at the trial. As stated in *State v. Ryan,* 48 Wn.2d 304, 293 P.2d 399 (1956), p. 305:

> Where, for any reason, an arrest is invalid, but the defendant enters a plea of not guilty and is in court on the day of trial, the court has jurisdiction of his person. [Citing case.] Where the court has jurisdiction of the person of a defendant, it is not a ground for quashing or dismissing a criminal prosecution that he was not lawfully arrested. [Citing cases.]

Defendant attempted to distinguish *In re Ollison v. Rhay,* 68 Wn.2d 137, 138, 412 P.2d 111 (1966), a habeas corpus proceeding in which we said:

> Because the appellants were present with counsel in the superior court for arraignment, trial and imposition of sentence, we are of the opinion that habeas corpus is not available to them for irregularity or even illegality in the extradition proceedings which brought them into the jurisdiction of the trial court. . . .
>
> [Citing cases.]
>
> This court has steadfastly adhered to the rule that, even though the arrest be invalid, the court has jurisdiction of the defendant if he enters a plea of not guilty and is present at trial.

That *Ollison* spoke of habeas corpus or that here the court, and not the silent defendant, entered the plea of not guilty is irrelevant to the basic fact that the defendant was

"present with counsel in the superior court for arraignment, trial and imposition of sentence."

Similarly defendant unsuccessfully tried to distinguish *In re Davis v. Rhay,* 68 Wn.2d 496, 499, 413 P.2d 654 (1966) in which we said:

We agree . . . that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction."

In that case we quoted the United States Supreme Court:

[T]hat due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. *Frisbie v. Collins,* 342 U.S. 519, 522, 96 L. Ed. 541, 72 Sup. Ct. 509 (1952).

The defendant had his fair trial. His arguments are concentrated entirely around the obviously irregular proceedings in the justice court. These proceedings were abandoned when the information charging the crime of carnal knowledge was filed in the superior court.

The defendant is no novice before the bar of justice. He admitted that in the past he had initiated five petitions for writs of habeas corpus, two of which were successfully obtained. He was present in court with counsel when arraigned, and when his motion for dismissal was denied. He was represented by competent counsel and deliberately refused to enter any plea. He was also present in person before the court when the jury was impaneled, testimony submitted and the jury properly instructed. That he and his attorney purposely refused to participate in the trial proceedings reflected his own desire. He can not now be heard to assert that any constitutional rights for a fair and proper trial have been violated. There was only one possible verdict open to the jury.

The judgment and sentence upon the verdict of guilty is affirmed.

Rosellini, C. J., Hill, Ott, and Hale, JJ., concur.