441 P.2d 761

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jake MARTINEZ, Defendant-Appellant.**

**No. 8468.**

Supreme Court of New Mexico.

June 10, 1968.

Chester A. Hunker, Clovis, for defendant-appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

ARMIJO, Judge, Court of Appeals.

Appellant was convicted by jury of the crime of escape from custody of a peace officer, and was sentenced. Following this, appellant gave notice of appeal; he thereafter abandoned his appeal and now seeks post-conviction relief under § 21–1–1 (93), N.M.S.A.1953. A pauper's affidavit accompanied his motion. Counsel was assigned to represent appellant. The same judge who presided at the trial considered the motion.

In his motion filed pro se, appellant seeks reversal of his conviction on various grounds and although stated differently, all of his contentions will be discussed herein.

The state filed its response to the motion, whereupon the trial judge, without a hearing, made findings of fact and conclusions of law in support of the order denying the motion, and this appeal follows.

Appellant called for the complete transcript, which request was resisted and the trial court confined the transcript to all proceedings had subsequent to entry of judgment and sentence.

We conclude the trial court correctly denied a complete transcript because the errors raised by the motions dealt with matters outside the record or with issues which were not the proper subject for consideration under motion for post-conviction relief. We further conclude that the trial court was correct in overruling the motion.

Initially, appellant was arrested in California for burglary allegedly committed in New Mexico. He claims error in that he was arrested without a warrant; he was detained four months without charge, without a hearing, without bond and without aid of counsel.

These claims of error pertain to the initial arrest and not to the offense for which he was convicted and we find them to be without merit since they are unrelated to the case before us.

Appellant also claims he was extradited for a crime different from the one for which he was convicted. Under the rule of State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967) this fact, if true, would afford no basis for relief.

In State v. Wise, 58 N.M. 164, 267 P.2d 992 (1954), defendants claimed they were brought into the court's jurisdiction by means of forcible abduction in Texas. This court stated:

"The weight of authority is against appellants. It is well established that where a person accused of crime is found within the territorial jurisdiction where he is charged, the jurisdiction of the court where the charge is so pending is not impaired by the fact he was brought from another jurisdiction by illegal means. Numerous cases, both Federal and State, support the general rule. * * *" (Citing numerous cases).

See also Ollison v. Rhay, 68 Wash.2d 137, 412 P.2d 111 (1966) and State v. Barreras,

64 N.M. 300, 328 P.2d 74 (1958) and State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967).

Appellant states that a large portion of the population in Curry County are of Spanish descent and claims as grounds for relief the fact that there were no members of such group on the jury trying his case.

The trial court found that the jury panel of Curry County, New Mexico, was properly drawn and did contain the names of persons of Spanish descent. On the basis of the allegation, no hearing was required in order to enable the court to so determine. This finding was not challenged and we must accept it as true. State v. Simien, No. 8351, 78 N.M. 709, 437 P.2d 708 decided February 19, 1968.

The mere allegation that persons of such group were not included among jurors trying the case, forms no basis upon which to consider it was the result of scheme or design necessary to establish prejudice. Giles v. State, 229 Md. 370, 183 A.2d 359 (1962) (case remanded by United States Supreme Court on other grounds see 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967). See also State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966).

On appellant's assertion that he was inadequately represented at trial by inexperienced counsel, we adhere to the settled rule that without allegations of facts to support it such a complaint furnishes him no basis for post-conviction relief. This has been our holding in numerous cases. See State v. Crouch, 77 N.M. 657, 427 P.2d 19 (1967), where we held that mere allegation of inefficiency or incompetence of counsel was not grounds for post-conviction relief. We might add that the trial court in concluding that appellant was properly represented made a finding that although being a young lawyer, he was able and competent and did an excellent job on this particular case.

The appellant having been represented by counsel and having plead not guilty to the information of itself waived any possible error in his contention that he was not served with a copy of the information nor advised of his rights.

Irregularities which may have occurred prior to arraignment are not subject to inquiry by way of post-conviction relief. See Ollison v. Rhay, supra, and Dentis v. Page, 403 P.2d 911 (Okl.Crim.App.1965).

Appellant calls our attention to the delay in bringing his case to trial. He states:

"Petitioner states that although he could have been tried since the November 1964 Court term he was not tried until November the 1st of 1965, thus an unnecessary court delay."

Appellant does not state in what manner the passage of time hindered his defense or was prejudicial to him.

It is fundamental that undue delay may constitute a violation of the Federal and State Constitutional provisions which guarantee a speedy public trial to a person charged with crime. Raburn v. Nash, 78 N.M. 385, 431 P.2d 874 (1967).

However delay in trial cannot be made the basis for relief in this case since initially appellant was arrested for the crime of burglary in August, 1964, and was held in confinement for four months thereafter. Obviously, his claim of error relates to the burglary proceedings. Delay in trial for the escape offense is not raised by the motion.

We might point out however that some delay obviously was caused by appellant's act of disqualifying the presiding judge. Acts or omissions of a person accused of crime, which cause or contribute to delay of trial, form no basis for relief unless good cause to the contrary is shown. Raburn v. Nash, supra.

Appellant asserts that his conviction for escape should be set aside because it was predicated on illegal detention. He bases this assertion on the idea that the charge for which he was detained was later dismissed since no felony had been com-

mitted in the first place. We find this assertion to be without merit. Section 40A–22–10, N.M.S.A.1953, specifies that the offense may result if escape occurs after arrest for commission or alleged commission of a felony.

 Neither this contention, nor the claim that at the time of the alleged escape he was not guarded and assumed he could go home, presents a proper issue for postconviction relief. These were matters for consideration on appeal. Proceedings under Rule 93 are not a substitute for appeal. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967).

Finding no error, the order denying the motion is affirmed.

It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.