See also 33 F.R.D. 276.

UNITED STATES of America

v.

John GONZALEZ, Defendant.

United States District Court
S. D. New York.

June 24, 1960.

Perry Leighton, New York City, for defendant Liliano Alvarez.

IRVING R. KAUFMAN, District Judge.

Petitioner, John Gonzalez, moves pursuant to 28 U.S.C. § 2255 to vacate a sentence imposed upon him on June 13, 1956.

Gonzalez, who had previously been convicted of two narcotics violations, was charged in a five count indictment with violations of the narcotics laws and conspiracy to violate those laws. He and three co-defendants were tried before this Court, a jury having been waived, on May 23–24, 1956. At the trial the Government conclusively proved, through the testimony of three agents of the Narcotics Bureau, that the petitioner was guilty on all five counts. On June 13, 1956 Gonzalez was sentenced to 16 years imprisonment as a third narcotics offender, and the appeal from his conviction was dismissed by the Court of Appeals on October 6, 1958. On October 21, 1958, petitioner moved for a new trial and for a reduction of sentence, both of which motions were denied by this Court in an opinion dated December 18, 1958, 33 F.R.D. 276.

In support of his instant application, Gonzalez alleges numerous grounds for relief. All but one of these "grounds" were alleged in support of his October 1958 motions, and no new facts have been alleged in the instant application which would entitle the defendant to relief. Many of the "grounds" in the instant petition, e. g., alleged promises made to the petitioner *after* his conviction and mistreatment by fellow convicts in prison, are irrelevant to an application pursuant to section 2255.

Three allegations contained in the instant petition, however, though not entitling Gonzalez to any relief, do require a brief discussion.

Gonzalez devotes the greater portion of his petition to the alleged perjury and recantation at his trial of one Enedina Aponte. Mrs. Aponte was a co-defendant of petitioner. After being carefully apprised of her right not to take the stand, she elected to testify at the trial. Her testimony was designed to exculpate both herself and petitioner from any complicity in the crime charged. (See Tr. 102–166). The Court disbelieved this testimony and found all the defendants guilty. *Subsequent* to the verdict, Mrs. Aponte recanted and communicated to the Court that her testimony had been false and then inculpated Gonzalez. (Tr. 226–234). Gonzalez now urges that he is entitled to a new trial because of the original exculpatory perjury of this co-defendant at the trial.

This ground was raised by petitioner in his 1958 motion for a new trial. As the Court noted at that time, Gonzalez' conviction rested upon persuasive evidence introduced by the government. It was certainly not the result of any negative inferences drawn from Mrs. Aponte's testimony. Her recantation, on the other hand, occurred after the verdict had been

rendered and could have had no effect whatsoever on the Court's decision.

■ The result would indeed be chaos if a prisoner could win release from custody or a new trial because a witness lied on his behalf. While knowing use of perjured testimony by the government to convict a defendant is a ground for relief under 28 U.S.C. § 2255, see, e. g. United States v. Sobell, 142 F. Supp. 515 (S.D.N.Y.1956), aff'd 244 F.2d 520 (C.A.2, 1957), cert. denied, 355 U.S. 873, 78 S.Ct. 120, 2 L.Ed.2d 77 (1957), such perjury is not a ground for relief if it does not contribute to the conviction.

Another "ground" upon which petitioner places great reliance involves a special employee of the Narcotics Division, referred to as "Ida". This person was apparently instrumental in aiding the narcotics bureau in uncovering the defendants' illicit activities. She did not, however, testify or appear at the trial.

Though it is not clear, it appears that petitioner here contends that her absence denied him his constitutional right to compulsory process. See U.S.Const. Amend. 6. However, no demand for her production was made either before or at the trial. Counsel for the defendants did inquire of two of the Narcotics Agents if they knew where she might be found, but they testified in open court that they did not know how she could be reached, and on that point they were subjected to extensive cross-examination. (See Tr. 39–42, 59–63). Gonzalez now argues (as he did in his 1958 motion) that the agents' testimony on this point is "incredible".

■ It is not enough, in order to be accorded relief under section 2255, for a petitioner to contend that testimony is "incredible". The testimony of the agents was supplemented upon the 1958 motion by extensive affidavits. Nothing has been submitted in the instant petition which would cause this Court to revise its estimate of the truth of the agents' testimony. A bare allegation of perjury does not entitle an applicant to relief under section 2255, nor does it entitle him to a hearing on the question. See Dean v. United States, 265 F.2d 544, 546 (C.A.8, 1959); United States v. Branch, 261 F.2d 530, 533 (C.A.2, 1958), cert. denied, 359 U.S. 993, 79 S.Ct. 1125, 3 L.Ed.2d 981 (1959). Cf. United States v. Catalano, 281 F.2d 184, C.A.2, May 16, 1960; Johnson v. United States, 239 F. 2d 698 (C.A.6, 1956), cert. denied, 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539 (1957). This is especially so when the Court had the opportunity to pass upon the credibility of the allegedly perjurious witnesses once before, having seen them under cross-examination at the original trial.

■ The third allegation in the petition which requires discussion is petitioner's charge:

"* * * I was entrapped by the lawyer who represented by [sic] me, made me sign a waiver for the jury, something that I didn't know, as I was ignorant as to what a waiver was."

However, petitioner signed the jury waiver in open court. He understood both Spanish and English and was apparently literate in both. The waiver was in very clear terms:

"The defendants * * * having been advised by their respective attorneys and by the Court of their constitutional rights of a trial by jury * * * and having consulted with counsel with respect thereto, hereby waived trial by jury of said charges and consent to be tried by the Court * * * without a jury."

In addition, and in spite of the signed waiver, the Court questioned each of the defendants to determine if he or she understood their actions:

"THE COURT: I have just been handed a stipulation waiving a jury. Have all these signatures been affixed in the court here?

"MR. SOLOMON: [Counsel for Gonzalez] Yes, your Honor, in our presence.

"THE COURT: John Gonzalez, did you sign this jury waiver?

"DEFENDANT GONZALEZ: Yes, sir.

"THE COURT: Do you understand what it is?

"DEFENDANT GONZALEZ: Yes, sir." (Tr. 2).

Petitioner does not claim to have been under any mental disability at the time of the trial, or to have been inexperienced in criminal matters, or to have been under any language disability. In view of the absolute clarity of the record on this point, petitioner is not entitled to a hearing or any other relief pursuant to section 2255. See United States v. Smith, 257 F.2d 432 (C.A.2, 1958), cert. denied, 359 U.S. 926, 79 S.Ct. 609, 3 L.Ed.2d 629 (1959); United States ex rel. Swaggerty v. Knoch, 245 F.2d 229 (C.A.7, 1957). If it were permissible for a competent, fully represented defendant, who had both orally and in writing waived his right to a jury trial under the circumstances present here, subsequently to attack the validity of that waiver, no jury waiver would ever be able to withstand collateral attack.

Gonzalez raises several other "grounds" for relief, but none of them demands any discussion, being plainly inapplicable to a petition of this nature. Insofar as portions of the instant petition may be interpreted as praying a reduction of sentence, the time for such relief clearly has passed. See Rule 35, Federal Rules of Criminal Procedure.

█ The petition and the files and records of this case conclusively show that the petitioner is entitled to no relief, and the petition is therefore denied without a hearing. See, e. g. United States v. Rosenberg, 200 F.2d 666 (C.A.2, 1952), cert. denied, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384. (1953).

So ordered.