**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Henry Warren RAMSEY, Defendant-Appellant.**

**No. 13289.**

United States Court of Appeals Seventh Circuit.

Jan. 10, 1962.

---

**504**

George M. St. Peter, Fond Du Lac, Wis., for appellant.

James B. Brennan, U. S. Atty., Philip L. Padden, Matthew M. Corry, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before MAJOR, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Defendant, Henry Warren Ramsey, has appealed from denial of his motion, filed pursuant to Title 28 U.S.C.A. § 2255, to vacate sentence and judgment of the United States District Court, entered January 30, 1959. Defendant was indicted by the Grand Jury on a charge that on or about September 4, 1958, in Milwaukee, Wisconsin, he fraudulently and knowingly received, concealed, and facilitated the transportation and concealment, after importation into the United States contrary to law, of a narcotic drug, in violation of Title 21 U.S. C.A. § 174, as amended by the Narcotics Control Act of 1956. Defendant pleaded not guilty.

Trial by jury, during which defendant was represented by counsel whom he had personally retained, resulted in a verdict of guilty. The government filed an information charging defendant as a second offender, to which defendant pleaded guilty. The District Court entered judgment sentencing defendant to fifteen years imprisonment. Apparently no appeal was taken.

Defendant's argument now is that the evidence against him was obtained by illegal search and seizure and was, therefore, not admissible at his trial; that he was entrapped, and that the Trial Court committed error in failing to try the issue of entrapment either to the Court or by the jury.

The evidence at the trial indicated that one Joseph Byrd was arrested by the Milwaukee police, on a narcotics charge, on September 4, 1958. While at the Milwaukee Police Department office, Mr. Byrd promised to disclose his source of narcotic supply. He gave the police a telephone number which Detective Dennis Doyle dialed for him. Defendant later testified that the number was the number of the telephone at his home. Police Officer James M. Shackett of the Milwaukee Narcotics Division and Detective Doyle both listened to the conversation on extension telephones. Officer Shackett testified that when the telephone was answered by someone whom Mr. Byrd addressed as "Henny," Mr. Byrd stated that he "needed something," and that "twenty-five things will be all right," and asked for delivery at his home. Then Officer Shackett and Detective Doyle went with Mr. Byrd to his home. There Mr. Byrd received a telephone call. Officer Shackett said that Mr. Byrd held the receiver six inches from his ear, and both Officer Shackett and Detective Doyle listened as the voice of someone who identified himself as "Henny," agreed to "deliver the goods" at Mr. Byrd's home. Mr. Byrd himself testified at the trial that he was.

speaking to the defendant in both of these telephone calls.

Officer Shackett testified further that he looked out of the window of the building in which Mr. Byrd's apartment was located and saw the defendant walk into the hallway. There was a knock at the door. Detective Doyle opened the door. Officer Shackett said that he saw the defendant, who was standing at the door, throw away an aluminum foil object of approximately the size in circumference of a golf ball. Officer Shackett arrested the defendant. Detective Doyle retrieved the object, which, when opened in defendant's presence, contained twenty-five capsules of a white powder, subsequently identified as heroin.

The defendant also testified at the trial. He contradicted much of the evidence of Officer Shackett, Detective Doyle and Mr. Byrd. The defendant stated that Mr. Byrd had called him at his home several times and repeatedly urged him to come over to discuss some important matter which Mr. Byrd did not wish to mention on the telephone; that when the defendant had approached the door, it had opened, officers had seized, handcuffed, and searched him. He said that he had no narcotics on his person, or at his home, and that he never had possession of the packet which the officers testified he had thrown away, but that he did see Detective Doyle pick up a similar packet in the hallway, much later, about a half-hour after defendant's arrest and interrogation inside Mr. Byrd's apartment with the door closed.

As the District Judge stated in his Decision and Order denying defendant's motion to vacate the sentence, sufficiency of evidence, the defense of entrapment, and alleged errors in instruction, are all questions for review on appeal and not properly raised for the first time in collateral attack in a motion of this nature. Bocock v. United States, 7 Cir., 1955, 226 F.2d 720, cert. den. 350 U.S. 999, 76 S.Ct. 552, 100 L.Ed. 863; United States v. Schultz, 7 Cir., 1961, 286 F.2d 753, 755.

No objection was raised to the instructions given. No instruction on entrapment was tendered. In any case, the evidence did not raise any issue of entrapment here. There was no motion to suppress any evidence as obtained by illegal search. On defendant's own testimony, the evidence of which he complains —the packet of heroin—was not obtained by search of defendant's person.

A Section 2255 motion is not a substitute for appeal. Klein v. United States, 7 Cir., 1953, 204 F.2d 513, 514; United States v. Jakalski, 7 Cir., 1956, 237 F.2d 503, 505; cert. den. 353 U.S. 939, 77 S.Ct. 817, 1 L.Ed.2d 761. However, in considering this matter, we have studied the record and transcript of proceedings at the trial. We conclude that defendant's constitutional rights were adequately protected by the Trial Court.

This Court wishes to express its appreciation of the conscientious and skilled efforts of Mr. George St. Peter of the Wisconsin bar, who represented the defendant in this appeal as Court-appointed counsel.

The decision of the District Court is affirmed.