UNITED STATES of America, Appellee,

v.

John GONZALEZ, Petitioner-Appellant.

No. 365, Docket 26489.

United States Court of Appeals Second Circuit.

Argued May 29, 1963.

Decided June 25, 1963.

Dodd, Cardiello & Blair, New York City, for petitioner-appellant.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York (James M. Brachman, Andrew T. McEvoy, Jr., Asst. U. S. Attys., of counsel), for appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

WATERMAN, Circuit Judge.

John Gonzalez appeals from an order of the United States District Court for the Southern District of New York, Kaufman, J., denying his motion made pursuant to 28 U.S.C. § 2255 to set aside his criminal conviction. Gonzalez was convicted in May 1956 of violating federal narcotics laws, after a trial before Judge Kaufman sitting without a jury. He was sentenced to sixteen years imprisonment and is now in federal custody at La Tuna, Texas. Although notice of appeal from the original conviction was filed, the appeal was subsequently dismissed with appellant's con-

sent. He thereafter filed a motion for a new trial or for correction of sentence. That motion was denied by Judge Kaufman on December 18, 1956, and no appeal was taken.

The present motion pursuant to 28 U.S. C. § 2255 was filed by appellant on May 23, 1960. It alleges, essentially, that appellant was denied due process of law because of ineffective representation by counsel at the original trial. More particularly, appellant claims that, through the errors of counsel, he did not knowingly waive a jury trial, his interests were prejudiced by the perjurious testimony of codefendants, and he was denied the right to call certain witnesses, including a government informer, who might have aided his defense.

Each of these points was considered at length and was rejected by Judge Kaufman in his memoranda and orders of June 24 33 ̇F.R.D. 280, and June 29, 1960, from which the present appeal was taken. Each of the points is without merit.

■■ We find no errors in appellant's representation by retained counsel at trial which were "of such a kind as to shock the conscience of the Court and make the proceedings a farce and a mockery of justice." United States v. Wight, 176 F.2d 376 (2 Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). Gonzalez's claims of inadequate representation provide no basis, therefore, at this late date, for a collateral attack upon his conviction. United States v. Miller, 254 F.2d 523 (2 Cir.), cert. denied, 358 U.S. 868, 79 S.Ct. 100, 3 L.Ed. 2d 100 (1958). Appellant's waiver of a jury trial was made in open court and with advice of counsel. Moreover, Judge Kaufman questioned Gonzalez individually so as to make certain that the waiver was voluntarily and intelligently made. Upon such a record, the claim of denial of the right to trial by jury is patently frivolous.

■ At the original trial appellant's three codefendants gave testimony which tended to exonerate Gonzalez. After announcing his judgment, Judge Kaufman deplored what he suspected to have been the "gross and rank perjury" committed by some of these witnesses. His suspicions were confirmed thereafter by the recantation of codefendant Aponte. Gonzalez now contends that he was prejudiced either by Aponte's perjurious testimony which tended to exonerate him, or by the subsequent recantation which was made after the judgment was announced below. The claim that the recantation of the exculpatory testimony injured appellant is, of course, without merit. As to the claim that the trial testimony was prejudicial, Judge Kaufman stated:

> "The conviction was certainly not based upon any negative inferences drawn from Aponte's testimony. It rested on the persuasive evidence introduced by the government. * * Further, the rule urged by petitioner would result in chaos. Under it, a convicted defendant would be entitled to a new trial because a witness lied in his favor at the trial by giving exculpatory evidence. The absurdity of such a contention is patent."

We agree, and we reject appellant's claims that Aponte's trial testimony, repudiated by her after Gonzalez had been adjudged guilty, prejudiced him.

■ Finally, appellant claims prejudice because his retained counsel failed to call several witnesses whose testimony, Gonzalez believes, would have aided in his defense; and he also claims that the failure of his lawyer to request, or of the court to order, the Government to divulge the name of an informer who facilitated appellant's arrest prejudiced his defense. Both of these claims raise questions of trial tactics the wisdom of which cannot be assessed by this court, and hence provide no ground for collateral attack under 28 U.S.C. § 2255 upon a criminal conviction from which no appeal was ever perfected.

The orders below are affirmed.