420 P.2d 786
**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Carlos (Charlie) SANCHEZ, Defendant-**
**Appellant.**
**No. 4.**

Court of Appeals of New Mexico.
Dec. 12, 1966.

Nils T. Kjellstrom, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Tom Overstreet, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

This appeal comes to us by transfer under § 16–7–10, N.M.S.A.1953.

Defendant, seeking post conviction relief, moved to vacate his judgment and sentence. The trial court considered the motion and the files and records of the case, denied relief under the motion and appointed counsel to represent defendant on this appeal.

Defendant claims that the trial court erred in (1) failing to appoint counsel to represent him in connection with the motion and (2) deciding the motion without the defendant being present.

Sections 21–1–1(93) and 41–15–8, N.M.S.A.1953, authorize post conviction remedies. Both provide:

"B. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall * * * appoint local counsel if the prisoner is indigent, * * *

"C. A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

In denying the motion, the trial court proceeded in accordance with the quoted provisions.

Relying on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, and State v. Vaughn, 74 N.M. 365, 393 P.2d 711, defendant asserts that he is entitled to counsel at all critical stages of a criminal proceeding. Defendant claims that there is a critical stage if "valuable rights may be won or lost," and that his motion was such a critical stage. By inference, he applies this same argument to the question of his right to be present when the motion is decided.

The provisions for post conviction relief state that counsel is to be provided unless the motion, files and records *conclusively* show that the prisoner is not entitled to relief. Black, Law Dictionary (4th ed. 1951) defines "conclusive" as "beyond question or beyond dispute." According to Webster's Third New International Dictionary, "conclusive" means "so irrefutable as to end all uncertainty or question." If there is no question, no dispute, no uncertainty that defendant is not entitled to relief, then the motion does not involve rights which can be won or lost, and the proceeding is not "critical."

A similar result has been reached under the federal provision for post conviction relief. 28 U.S.C. § 2255. Counsel need not be appointed to represent defendant when the motion for relief is completely groundless. Huizar v. United States, 339 F.2d 173 (5th Cir. 1964); Kapsalis v. United States, 345 F.2d 392 (7th Cir. 1965); Cerniglia v. United States, 230 F. Supp. 932 (N.D.Ill.1964). Nor is defendant's presence in court required before the court can decide the motion. Luse v. United States, 326 F.2d 338 (10th Cir. 1964); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Dolack v. United States, 217 F.Supp. 617 (D. Hawaii 1963). Compare Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed. 2d 473.

Some of the federal cases reach this result by determining that the motion for post conviction relief is a civil rather than a criminal proceeding. That question is not presented by this appeal and we express no opinion thereon.

■ The above cited federal cases review the facts of the case to demonstrate that the motion for relief was completely groundless. We do not review the facts of this case for two reasons: (1) The only claims made are that defendant should have had counsel to represent him on his motion and that he should have been present when the motion was ruled on. No claim is made that the trial court erred in denying relief under the motion. (2) Defendant's case was reviewed in State v. Sanchez, 58 N.M. 77, 265 P.2d 684, and Sanchez v. Cox, 357 F.2d 260 (10th Cir. 1966). The grounds for relief asserted in the motion were either ruled on in those cases or are patently frivolous.

■ Defendant also claims that § 21–1–1(92), N.M.S.A.1953, gives him the right to counsel in connection with his motion. This rule applies to proceedings prior to conviction and to direct appeal after conviction; it does not apply to the post conviction proceedings authorized by § 21–1–1 (93) and § 41–15–8, N.M.S.A.1953.

■ Where the motion for post conviction relief is completely groundless, the trial court need not appoint counsel to represent defendant in connection with the motion and may determine the motion without the presence of defendant.

The order denying relief is affirmed. It is so ordered.

HENSLEY, C. J., and SPIESS, J., concur.