427 P.2d 19

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**John R. CROUCH, Defendant-Appellant.**

**No. 8119.**

Supreme Court of New Mexico.

May 1, 1967.

Charles L. Harrington, Roswell, for appellant.

, Boston E. Witt, Atty. Gen., James V. Noble, Edward R. Pearson, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

Defendant appeals from an order denying his motion filed pursuant to Rule 93 of the Rules of Civil Procedure for the district courts of New Mexico, which appears as § 21–1–1(93), N.M.S.A.1953 (1966 Interim Supp.). He asserted seven separate grounds for relief, and these have been reasserted in this court as his points relied upon for reversal. The trial court denied the motion without hearing, because the motion and the files and records in the case conclusively show defendant is entitled to no relief. We are of the opinion that the trial court was correct.

■ We shall dispose of defendant's contentions in the order in which they were presented in his motion and in his brief in chief. The first of these is that he did not violate the provisions of § 40A–16–9, N.M.S.A.1953.

The jury decided otherwise, and the judgment of conviction entered pursuant to the jury verdict was affirmed by this court. State v. Crouch, 75 N.M. 533, 407 P.2d 671 (1965).

■■ The second contention is that he was denied the effective use of counsel. He asserts that his counsel failed to subpoena witnesses in his behalf. He does not name or otherwise identify the witnesses he claims were not called, and he does not indicate what their testimony might have been had they been called. A mere assertion of failure to subpoena witnesses on his behalf is not ground for relief under Rule 93. O'Malley v. United States, 285 F.2d 733 (6th Cir. 1961).

■■ He also asserts that his attorney failed to object to "many vital points," failed to call errors to the attention of the court, and failed to call to the court's attention discrepancies in the testimony of the State's witnesses. He does not in any way specify or particularize the claimed vital points, the claimed errors, or the claimed discrepancies. A mere allegation of incompetence or inefficiency is not ground for relief. See Dodd v. United States, 321 F.2d 240 (9th Cir. 1963); Black v. United States, 269 F.2d 38 (9th Cir. 1959), cert. denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357 (1960). The trial judge found that the record discloses defendant was at all times represented by a competent attorney, experienced in the practice of criminal law, and we concur in this finding.

■■ A general allegation that the attorney failed to object or to call errors to the attention of the court is not sufficient ground for relief. Cf. Taylor v. United States, 229 F.2d 826 (8th Cir. 1956). The

**660**

failure to call attention to discrepancies in the testimony constitutes no ground for relief. United States v. Jakalski, 237 F.2d 503 (7th Cir. 1956), cert. denied, 353 U.S. 939, 77 S.Ct. 817, 1 L.Ed.2d 761 (1957).

■ The third contention is that the date of the alleged offense was changed on the information after the cause came on for trial. The information alleged the date as August 29, 1963. This was changed without objection to August 31, 1963, to conform to the date contained in the complaint. No showing is made of any possible prejudice because of this change.

■ The fourth contention is that he was arraigned and given a preliminary hearing on two counts of forgery, but was tried and sentenced on three counts. This contention is clearly and unmistakably refuted by the record.

■ The fifth contention is that defendant has evidence that perjured testimony was used to convict him. A mere allegation of perjury does not entitle defendant to relief. United States v. Gonzalez, 33 F.R.D. 280 (D.C.1960), aff'd, 321 F.2d 638 (2d Cir. 1963). A charge of perjury, which neither names or identifies the witnesses who committed the perjury nor specifies the claimed false statements, is not sufficient basis for relief. Marcella v. United States, 344 F.2d 876 (9th Cir. 1965); Holt v. United States, 303 F.2d 791 (8th Cir. 1962), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963); United States v. Jenkins, 281 F.2d 193 (3rd Cir. 1960).

■ The sixth contention is that he was denied a right to trial by jury. He apparently predicates this upon the fact that the jury found him guilty and the fact that some of the jurors expressed to the court after the case was concluded that they thought defendant should be prosecuted for perjury. He testified on his own behalf at his trial, and the fact that the jury chose not to believe him did not amount to a denial of a jury trial.

■ The final contention is that he was denied due process of law at his trial. He gives no factual basis for this conclusion. A mere conclusion is not sufficient basis for relief. Martinez v. United States, 344 F.2d 325 (10th Cir. 1965); Taylor v. United States, supra. See also Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

The order dismissing the motion should be affirmed.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.