437 P.2d 1004

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Plazie Elijah LOBB, Defendant-Appellant.**

**No. 8421.**

Supreme Court of New Mexico.

Feb. 12, 1968.

Jay Morgan, Portales, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Sante Fe, for appellee.

## OPINION

MOISE, Justice.

This is an appeal from an order denying a motion filed under Rule 93 (§ 21-1-1(93), N.M.S.A.1953). The record before us discloses that appellant was sentenced on August 31, 1966 to serve a term of not less than one nor more than five years in the penitentiary after having been convicted by a jury of committing a sexual assault on a female minor contrary to the provisions of § 40A-9-9, N.M.S.A.1953.

No appeal was taken, but on September 26, 1966 a motion was filed under Rule 93 to vacate and set aside the judgment. On the same date counsel was appointed to represent appellant. It does not appear that any hearing was had on the motion and, on October 21, 1966, the court "* * * finding no grounds stated therein upon which relief can be granted * * *" entered an order denying the motion. This action was not appealed and, on December 2, 1966, a second motion to vacate the judgment under Rule 93 was filed. On the same day an order was entered denying any relief. No attorney was appointed and no hearing was held on the motion. The order recites the grounds for its denial, in the following language:

> "* * * [I]t appearing that said motion is repetitive and states no grounds upon which relief can be granted under said Rule, and it further appearing to the Court from the record of this case that the attorney who represented the said defendant at his Preliminary Hearing and at the trial of the case was employed by the said defendant, and that he cannot now be heard to complain with regard to the adequacy of his representation, and it further appearing to the Court that said representation, was in all respects adequate, and that no useful purpose would be served by granting a hearing on said Motion."

Timely notice of appeal from this action was filed, and counsel now appearing for appellant was thereupon appointed.

In his motion, appellant attempted to set forth seven grounds supporting his position that he is illegally confined in the penitentiary. Broadly speaking, the points on appeal are addressed to the preliminary hearing and trial at which appellant was convicted, it being asserted (1) that he is innocent of the crime charged; (2) that he was convicted because of false and perjured evidence against him; (3) that the prosecuting witness was "coached" and "instructed" prior to testifying; (4) that appellant's wife stated at the preliminary hearing that she had to "get rid of him or send him to the hospital" and, accordingly, her testimony was suspect; and (5) that he was inadequately represented by his counsel at the trial.

 Our decision in State v. Crouch, 77 N.M. 657, 427 P.2d 19 (1967), would seem to be direct authority against appellant's position. We there held that an allegation of absence of due process without setting forth any factual basis would not be sufficient to make an issue on a Rule 93 petition; further, that allegations of perjury without specification of the details thereof would not suffice to raise an issue; and, finally, that complaint concerning inadequacy of representation by counsel furnished no basis for relief. In addition to our own case, we would also call attention to United States v. Gonzalez (D.C.S.D.N.Y.1960) 33 F.R.D. 280, aff'd, 321 F.2d 638 (2d Cir. 1963); Holt v. United States, 303 F.2d 791 (8th Cir.1962); United States v. Jenkins, 281 F.2d 193 (3rd Cir.1960).

Appellant's last points on appeal go to (1) the summary denial of the second Rule 93 motion; (2) the refusal of the court to provide a complete transcript of the record of the trial at which appellant was convicted; and (3) to the effects of proceeding by information rather than indictment.

The last of these points has been directly answered contrary to appellant's position in State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967). Nothing further need be said on this point.

Concerning the failure of the court to provide a complete record and to grant a hearing on the motion, we recognize the rule to be that it is within the court's discretion to grant or deny successive motions. Ex parte Lott v. State, 77 N.M. 612, 426 P.2d 588 (1967). However, we do not look upon denial of the first motion without hearing as such a consideration as would relieve the court of the duty to entertain a second motion even though the same or similar grounds are asserted. Only when an evidentiary hearing has been held or the matters asserted otherwise determined on their merits can a second motion be denied under Rule 93(d) wherein the court is relieved of the duty to entertain successive motions for similar relief, State v. Canales, 78 N.M. 429, 432 P.2d 394 (1967). In the instant case there had been no consideration of the prior motion on its merits, and accordingly the refusal to consider the second motion on this ground cannot be sustained.

Nevertheless, a reversal is not required. A motion, to merit a hearing and consideration, must set forth matters therein which, if proved, would require the setting aside of the conviction. Where an examination of the motion discloses a total absence of grounds which could accomplish the end sought by the petitioner, the trial court is not required to appoint counsel or grant a hearing. State v. Sanchez, 78 N.M. 25, 420 P.2d 786 (Ct.App.1966). Such is the situation here. The grounds for attack on the judgment and sentence were totally without merit and no hearing was required. Compare United States v. Gonzalez, supra.

For the same reasons, there was no error in refusing a complete transcript of proceedings. We have noted why the various attacks made on the judgment could not be considered. This being true nothing would have been added by a transcript of the proceedings.

No reversible error being present, the order denying relief is affirmed. It is so ordered.

COMPTON and CARMODY, JJ., concur.