442 P.2d 212

STATE of New Mexico, Plaintiff-Appellee,

v.

Jose Romero SEDILLO, Defendant-Appellant.

No. 146.

Court of Appeals of New Mexico.

May 24, 1968.

Langford Keith, Jr., Roswell, for appellant.

Boston E. Witt, Atty. Gen., Spencer T. King, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

OMAN, Judge.

Defendant was tried, convicted and sentenced to the New Mexico State Penitentiary for a term of two to ten years for the possession of marijuana. He is now before us on appeal from an order denying, without hearing, his motion under Rule 93 [§ 21-1-1(93), N.M.S.A.1953 (Supp.1967)].

His contentions as set forth in his motion are that his imprisonment and confinement are illegal because: (1) he was convicted and imprisoned without due process of law; (2) the prosecution on the trial failed to introduce into evidence the physical substance purporting to be marijuana; (3) there was insufficient evidence adduced at the trial to connect him with the purported marijuana, or to prove that such substance actually existed; and (4) the foregoing constituted the perpetration of a fraud upon the trial court.

In his brief in chief he urges that the matters asserted in his motion were such that, if proved, the setting aside of his conviction would be required, and hence he was entitled to the appointment of counsel and a hearing on the motion.

As to his first contention, the mere allegation of absence of due process is not sufficient to raise an issue under Rule 93. State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Crouch, 77 N.M. 657, 427 P.2d 19 (1967).

His second and third contentions are attacks upon the sufficiency of the evidence to support his conviction. The trial court and the jury felt the evidence was sufficient. Allegations as to the insufficiency of the evidence, or claimed errors which may have occurred during trial pertaining to the introduction or fail-

 

ure of introduction of certain evidence, are not matters upon which relief can be granted in a Rule 93 proceeding. See State v. Lobb, supra; State v. Crouch, supra. Proceedings under Rule 93 are not intended as a substitute for an appeal as a means for correcting errors which may have occurred during the course of the trial. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967).

His fourth contention, that a fraud was perpetrated upon the court, is entirely without merit. Our disposition of his first three contentions, which he alleges constituted the fraud, refutes his fourth contention.

 The contention urged upon us in his brief in chief, that he was entitled to have counsel appointed and to a hearing on his motion, is also without merit. State v. Lobb, supra; State v. Sanchez, 78 N.M. 25, 420 P.2d 786 (Ct.App.1966).

The order denying the motion should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.