445 P.2d 393

STATE of New Mexico, Plaintiff-Appellee,

v.

Robert Ray HOLLY, Defendant-Appellant.

No. 150

Court of Appeals of New Mexico.

Sept. 6, 1968.

James F. Warden, Carlsbad, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

ARMIJO, Judge.

Appellant was sentenced to a term in the penitentiary following entry of judgment based on jury verdict finding him guilty of larceny of property over the value of one hundred dollars in violation of § 40A–16–1, N.M.S.A.1953. Appellant filed a motion and supplemental motion pro se under § 21–1–1 (93), N.M.S.A.1953 (Supp. 1967). Following a hearing on the motion, an order was entered denying relief. This appeal follows.

Appellant advances eight points as grounds for relief. None is considered sufficiently meritorious to warrant disturbing the trial court's ruling.

Appellant first states that the trial court lacked jurisdiction over the proceedings in this case under the Constitution or statutes of New Mexico or under the Constitution of the United States. No grounds for this conclusion are stated, nor argument presented in support thereof.

We affirm the settled rule in this jurisdiction that a mere statement of the conclusion does not suffice to preserve a question for review. State v. Crouch, 77 N.M. 657, 427 P.2d 19 (1967) and State v. Reyes, 78 N.M. 527, 433 P.2d 506 (Ct.App.1967).

Appellant next contends, that the information upon which he was tried was fatally defective because of reference to the offense as one contrary to § 40A–16–11, N.M.S.A.1953 instead of § 40A–16–1, N.M.S.A.1953.

The information additionally alleged that defendant stole electric wire belonging to Southwestern Public Service Company in an amount exceeding one hundred dollars.

These allegations, notwithstanding the misreference, are sufficient to charge the offense. See § 41–6–7, N.M.S.A.1953. Smith v. Abram, 58 N.M. 404, 271 P.2d 1010 (1954).

By his third point appellant charges violation of his constitutional rights because the criminal charge did not result from grand jury indictment; that prosecution based on information violates the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

The United States Supreme Court in Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, decided in 1884, held that the requirement of a presentment or indictment of a grand jury required by the Fifth Amendment to the United States Constitution was not applicable to the states. This is still the law of the land. The New Mexico courts concur in this view, see State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967) and State v. Reyes, supra.

[4] Appellant next asserts that he was not afforded a preliminary hearing. His contention is refuted by the record.

Appellant's fifth claim of error is that if the information in this cause was filed under art. 20, § 20, of the Constitution of New Mexico, that his rights were violated because the procedures therein required were not followed is also noted and found to be without merit simply because the information was not filed under this constitutional provision.

For his next claim of error, appellant asserts that he was not adequately represented by counsel at any of the pro-

**518**

ceedings in the case. No facts, particulars or details in support of this assertion are advanced. This failure to particularize the claimed inadequacy compels us to overrule his claim. State v. Marquez, 79 N.M. 6, 438 P.2d 890 (1968); State v. Crouch, 77 N.M. 657, 427 P.2d 19 (1967).

Appellant for his seventh contention states that the charge against his accomplice was reduced to a misdemeanor and by reason thereof the state waived the right to charge appellant with a felony.

■ No question is raised as to the sufficiency of the evidence sustaining appellant's conviction. His guilt having been established the fact another equally guilty with him received lesser punishment on a reduced degree of the same crime, does not affect appellant's guilt of the felony charged against him. People v. Griffith, 181 Cal. App.2d 715, 5 Cal.Rptr. 620 (1960).

■ There is no requirement in criminal procedure that a court impose identical sentences upon persons jointly guilty of a crime. Hardesty v. State, 223 Md. 559, 165 A.2d 761 (1960).

Appellant's final contention is his assertion that error was committed when the court permitted in evidence during his trial and over timely objection, the testimony of his accomplice, Richard Dale Key, given at the preliminary hearing, and that Key's testimony should not have been received because he was a professional thief.

■ It is fundamental that a person accused of crime is entitled to be confronted with the witnesses against him, N.M.Const. art. 2, § 14, as well as the right to cross-examine said witnesses. Sec. 41–3–8, N.M. S.A.1953. See State v. Halsey, 34 N.M. 223, 279 P. 945 (1929).

In State v. Moore, 40 N.M. 344, 59 P.2d 902 (1936) it was said:

"The testimony of any witness taken in any court of this state may be used in a subsequent trial when after diligent effort has been made to ascertain the whereabouts of the witness, he cannot be found."

Appellant claims lack of diligent effort on the part of the state in securing the attendance of the witness Key at trial.

■ This issue is one addressed to the sound discretion of the trial court and its ruling should not be disturbed in the absence of abuse. State v. Bailey, 62 N.M. 111, 305 P.2d 725 (1956); State v. Jackson, 30 N.M. 309, 233 P. 49 (1924).

Appellant was once confronted with the witness and as we later point out, had full right of cross-examination. The record supports the conclusion that diligent effort was made to secure the attendance of the witness Key. A subpoena was issued and delivered to an officer who ascertained Key was no longer residing in Eddy County but moved to Texas. Proceedings were undertaken to compel Key's attendance under § 41–12–13 to § 41–12–18, N.M.S.A. 1953, known as the Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings. The Texas officer's subpoena return indicated that he was unable to make service. Numerous persons including Key's mother were contacted in an effort to ascertain the witness's whereabouts. An officer testified:

"Q. And did you also seek the assistance of the sheriff there at Levelland, Texas, and other West Texas towns in seeking this witness?

"A. Yes sir, I did; practically the whole west side."

■ After showing absence of the witness from the jurisdiction, the state established by substantial evidence the diligence required. State v. Riddel, 38 N.M. 550, 37 P.2d 802 (1934); State v. Trujillo, 33 N.M. 370, 266 P. 922 (1928).

Appellant also complains that the testimony of the witness Key given at the preliminary hearing should not have been received at trial because appellant was deprived of his right to cross-examine the witness with respect to his credibility and bias.

■ We disagree that appellant was unreasonably restricted in his cross-exam-

ination of the witness Key. We are directed to certain questions asked of the witness, to which objection was interposed and which the committing magistrate ruled should not be answered, dealing with issuance of a subpoena for Key, who first contacted him about the subpoena' and his reason for being present to testify.

Answers to each of these questions were elicited and obtained during the course of other interrogation. Appellant had the opportunity to cross-examine Key, and did so at length.

We find appellant's claim that Key's testimony should not have been received because he was a professional thief to be lacking in merit.

Testimony is not to be excluded on such grounds. The attack is directed to the credibility of the witness and his credibility is an issue for determination by the trier of the facts. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967); People v. Simpson, 203 Cal.App.2d 368, 21 Cal. Rptr. 541 (1962).

Finding no error, the order denying appellant's motion is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.