445 P.2d 105 (1968)
798 N.M. 502
STATE of New Mexico, Plaintiff-Appellee,
v.
Wallace D. McCROSKEY, Defendant-Appellant.
No. 163.
Court of Appeals of New Mexico.
September 6, 1968.
Richard L. Gerding, Tansey, Rosebrough, Roberts & Gerding, Farmington, for appellant.
Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for appellee.
OPINION
OMAN, Judge.
Defendant appeals from an order denying his motion under § 21-1-1(93), N.M.S.A. 1953 (Supp. 1967). The motion was denied without hearing on the ground that the motion *106 and the files and records in the case conclusively show defendant entitled to no relief.
The facts material to the two points relied upon for reversal are:
(1) On April 2, 1962, criminal informations were filed against defendant. One charged him with murder. The other charged him with assault with intent to kill, which charge was later changed to attempt to murder by an amended information filed April 12, 1967.
The victims of defendant's acts were two police officers.
(2) On April 2, 1962, which was the beginning of a term of court, defendant appeared for arraignment and endeavored to plead not guilty. He began to cry and was given a chair in which to be seated. The plea was not accepted. Two competent attorneys were appointed to represent defendant.
(3) On April 13, 1962, the district attorney and one of defendant's attorneys filed a joint motion in the murder case by which they sought an order of the court directing the sheriff to transport defendant to the New Mexico State Hospital for a complete psychiatric examination. The grounds for the motion were that his attorneys had been unable to communicate with him because of what was believed to be a mental condition preventing such a communication, and that he had been examined by a psychiatrist who was of the opinion that he was presently mentally ill and should have a complete psychiatric examination to determine the nature and extent of his mental illness. The court entered an order accordingly.
(4) On December 19, 1962, an order was entered directing the sheriff to return defendant to the San Juan County Jail from the State Hospital, since the court was advised that the examination had been completed.
(5) On February 13, 1963, a hearing was conducted on the question of defendant's sanity at that time. Three psychiatrists appeared and testified. Both of defendant's attorneys were present and participated in the hearing. At the conclusion of the testimony, the court proceeded to arraign defendant, and pleas of not guilty and not guilty by reason of insanity were entered to the charges.
The court then announced that in view of the testimony of the psychiatrists he was ordering defendant returned to the State Hospital until his release was ordered by the court. Both of defendant's attorneys announced that they had no objections to this, and defendant made no objections.
On February 15, 1963, an order was entered committing defendant to the State Hospital until such time as the court should determine he could stand trial. Part of the facts recited as the basis for the order are that defendant was:
"* * * presently able to understand the nature and purpose of the proceedings against him * * * and to make a rational defense and able to assist his counsel in the preparation of any such defense, * * *"
However, the court also found, as other facts in support of the order, that defendant was:
"* * * psychotic and suffering from a chronic brain syndrome, associated with cerebroarteriosclerosis manifested by confusion, disorientation, emotional instability and by impulsive and unpredictable behavior; that this condition represents a psychotic mental illness requiring immediate admission to a psychopathic hospital and that this Defendant is dangerous to himself and to others."
This order and these findings were approved by both of defendant's attorneys.
(6) On January 20, 1967, the assistant district attorney filed a motion seeking an order directing a return of defendant from the State Hospital to the San Juan County Jail to stand trial on the charges against *107 him. The grounds for the request recited in the motion were that:
"* * * the Assistant District Attorney is informed by the Doctors at the New Mexico State Hospital that at the present time the Defendant is free from mental disease, mental defect or derangement, and that he has the capacity to understand the nature and object of the proceedings against him, and to comprehend his own condition in reference to such proceedings, and to assist * * * his attorneys * * * [in making] a rational defense and [to] proceed with trial. * * *"
Defendant's attorneys waived hearing on this motion, and an order was entered on January 20, 1967, directing the sheriff to return defendant from the State Hospital to the San Juan County Jail.
(7) On April 12, 1967, the cases came on for hearing. The defendant and both his attorneys were present. The record shows agreement by all counsel that all the doctors were of the opinion that the defendant was then sane, understood the nature and purpose of the proceedings against him, and was able to cooperate with his counsel.
Counsel for defendant announced that defendant wished to change his prior pleas. Defendant then pleaded guilty to second degree murder and to the charge of attempt to murder contained in the amended information which was filed on that date.
There is no question concerning the voluntariness of these pleas.
(8) On April 13, 1967, a judgment and sentence, and also a commitment to the penitentiary, were entered in each case. The sentences are running concurrently.
(9) On September 21, 1967, defendant filed his motion for post-conviction relief under Rule 93, whereby he sought to have the judgments and sentences vacated.
He relies upon two points for reversal of the order denying his motion. His first contention is that he is entitled to have the judgments and sentences vacated because he was:
"* * * denied a speedy trial as guaranteed by Article II, Section 14 of the New Mexico Constitution and the Sixth Amendment to the United States Constitution because he was wrongfully committed to the New Mexico State Hospital for the mentally ill for four years while legally capable of standing trial."
He does not contend that he was sane at the time of the hearing on April 13, 1963, but contends that the only permissible inquiry was as to his capacity to stand trial, and this inquiry was limited to a determination of whether or not he had the capacity to understand the nature and object of the proceedings against him, to comprehend his own condition in reference to such proceedings, and to make a rational defense for himself.
He relies upon the cases of State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); State v. Roybal, 76 N.M. 337, 414 P.2d 850 (1966); and State v. Upton, 60 N.M. 205, 290 P.2d 440 (1955). In each of these cases the defendant was urging that he was insane, and, thus, incapable of standing trial. Even if we were to concede that the trial court would have been justified, under the decisions in these cases, in requiring defendant to stand trial in April 1963, the failure of the State to proceed with the trial at that time cannot now be made the basis for post-conviction relief from the judgments and sentences entered some four years later pursuant to voluntary pleas of guilty.
Every defendant charged with crime has the right to a speedy trial. Whether or not a delay amounts to an unconstitutional deprivation of this right depends on the circumstances of the particular case. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); United States v. Verville, 281 F. Supp. 591 (E.D.Wis. 1968); Bates v. State, Nev., 436 P.2d 27 (1968); Raburn v. Nash, 78 N.M. 385, 431 P.2d 874 (1967).
*108 Regardless of the fact that a delay in a particular case might have been construed to be a deprivation of this right to a speedy trial, the defendant cannot be heard to complain if he consented to or acquiesced in the delay. United States v. Kabot, 295 F.2d 848 (2d Cir.1961); Mattoon v. Rhay, 313 F.2d 683 (9th Cir.1963); Taylor v. United States, 99 U.S.App.D.C. 183, 238 F.2d 259 (1956); Westover v. State, 66 Ariz. 145, 185 P.2d 315 (1947); People v. Taylor, 52 Cal.2d 91, 338 P.2d 377 (1959); State v. Doucette, 147 Conn. 95, 157 A.2d 487 (1959); Martel v. State, 221 Md. 294, 157 A.2d 437 (1960); State v. Werbin, 345 S.W.2d 103 (Mo. 1961); see also Annot., 57 A.L.R.2d 302, 321, and supplement thereto in A.L.R.2d Later Case Service (1967; Supp. 1968).
Moreover, the entry of a voluntary plea of guilty constitutes a waiver of whatever right a defendant may have had to a speedy trial. United States v. Doyle, 348 F.2d 715 (2d Cir.1965); Cooper v. State, 196 Kan. 421, 411 P.2d 652 (1966); Bates v. State, supra; People v. Hocking, 140 Cal. App.2d 778, 296 P.2d 59 (1956). See also Annot., 57 A.L.R.2d 302, 343, and supplement thereto in A.L.R.2d Later Case Service, supra.
A claim of denial of the right to a speedy trial is not sufficient basis for a collateral attack by post-conviction proceedings upon a judgment and sentence, and especially so if the claim was not raised at or prior to the time of trial or entry of a plea of guilty. See United States v. Robinson, 143 F. Supp. 286 (W.D.Ky. 1956); Commonwealth v. Gates, 429 Pa. 453, 240 A.2d 815 (1968).
In the present case the defendant consented to and acquiesced in the delay occasioned by his hospitalization, entered voluntary pleas of guilty, and at no time raised the question of delay until he filed his motion under Rule 93. He must, therefore, for each of these reasons, as well as for the reason that a claim of denial of a speedy trial is not a sufficient ground for post-conviction relief, fail under his first point.
The motion, files and records in this case conclusively show that defendant is entitled to no relief. Thus, a hearing was not required on the motion. State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968). And, since the motion was groundless, the appointment of counsel was unnecessary. State v. Ramirez, 78 N.M. 418, 432 P.2d 262 (1967); State v. Sanchez, 78 N.M. 25, 420 P.2d 786 (Ct.App. 1966). Consequently, defendant must fail under his second point, in which he claims error on the part of the trial court in refusing to appoint counsel to represent him.
The order dismissing the motion should be affirmed.
It is so ordered.
SPIESS, C.J., and JOE ANGEL, D.J., concur.