452 P.2d 192

**Theodore R. NANCE, Petitioner-Appellant,**

**v.**

**STATE of New Mexico, Respondent-Appellee.**

**No. 261.**

Court of Appeals of New Mexico.

March 7, 1969.

David W. Bonem, Quinn & Bonem, Clovis, for petitioner-appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

OPINION

OMAN, Judge.

Defendant's conviction of armed robbery was affirmed on appeal. State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966).

He is now before this court on appeal from an order denying, without hearing, his motion filed pursuant to Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp.1967)]. He relies upon four points for reversal.

He first attacks the trial court's findings 3 and 5, which are as follows:

"3. The issue of whether this court committed error in denying Petitioner's motion for instructed verdict at the close of the State' [sic] case and again at the conslusion [sic] of all of the evidence, as set forth in the third numbered paragraph of his motion, was also disposed of by State v. Nance, supra, and in any event cannot be raised in a Rule 93 proceeding.

"* * *

"5. That Petitioner's contention that he 'had no knowledge that the crime was to be committed and that the aiding and abetting accusation is wholly false,' goes to the weight of the evidence and could be raised only by direct appeal from the conviction."

He makes no claim that the question concerning his motions for an instructed verdict was not disposed of on his direct appeal. State v. Nance, supra. A reference to the opinion in that case will also show that the question of his guilt, as one aiding and abetting in the commission of a crime, was also considered.

His claim now is that he has raised the question of whether there was substantial evidence to support the verdict of guilty, and that the trial court erred in holding this question could be raised only on a direct appeal and not by motion under Rule 93. Even conceding that he has raised the question of the sufficiency of the evidence to support the verdict, which certainly is doubtful, he must still fail under this point.

He admits that the great bulk of the case law is contrary to his contention. Pearson v. United States, 305 F.2d 34 (7th Cir. 1962); United States v. Ramsey, 297 F.2d 503 (7th Cir. 1962); Tanner v. United States, 296 F.2d 218 (10th Cir. 1961); Enzor v. United States, 296 F.2d 62 (5th Cir. 1961); Curry v. United States, 292 F.2d 576 (10th Cir. 1961); United States v. Shields, 291 F.2d 798 (6th Cir. 1961); Moss v. United States, 263 F.2d 615 (5th Cir. 1959); State v. Sedillo, 79 N.M. 254, 442 P.2d 212 (Ct. App.1968). See also State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967); State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967).

However, he argues that we should re-examine our Rule 93 and take a view directly opposite that we have heretofore taken, and directly opposite that taken by the federal courts under 28 U.S.C.A. § 2255, from which our rule was taken. The substance of his argument for this urged reversal of view is that, if there was not substantial evidence to support the conviction, then fundamental error was worked and due process denied him. He relies upon State v. Seal, 75 N.M. 608, 409 P.2d 128 (1965), and State v. Easterwood, 68 N.M. 464, 362 P.2d 997 (1961). These cases involve reversals in direct appeals because of the insufficiency of the circumstantial evidence to support the convictions. This is not the case here. This is not a direct appeal from a judgment of conviction, and, although we do not know the nature of all the evidence upon which defendant was convicted, we do know his conviction was apparently based, at least in part, upon his confession, as is shown by the opinion in State v. Nance, supra, and by his contentions in his motion under Rule 93 that "* * * his conviction and restraint are illegal in that he was convicted after a trial by jury in which an involuntary confession or statement made by defendant was entered into evidence * * *", and he "* * * was not advised of his constitutional rights prior to giving the statement or confession. * * *"

■ We are not impressed with his argument that we should reverse the view we have heretofore taken, and we reaffirm what was said in State v. Williams, supra, and State v. Sedillo, supra.

Defendant's second point is that the trial court erred in finding that a final judgment and sentence were entered of record by the

district court of Curry County in the criminal case.

In denying the allegation in his motion, that no such final judgment and sentence was entered of record, the State, in responding to the motion, attached a certified copy of the minutes of the district court clerk. This certified copy failed to show that the minutes had been signed by the district judge. Defendant's argument under this point is directed at the fact that the minutes were not signed, and, thus, constituted no more than an oral announcement of judgment and sentence. He relies upon the case of State ex rel. Echtle v. Card, 148 Wash. 270, 268 P. 869, 59 A.L.R. 519 (1928), and the annotation thereof at 59 A.L.R. 521 (1929). He also relies on the statement of our Supreme Court in Wray v. Pennington, 62 N.M. 203, 307 P.2d 536 (1956), that " * * * no judgment is effective until filed as such." See also Quintana v. Vigil, 46 N.M. 200, 125 P.2d 711 (1942); Animas Consolidated Mines Co. v. Frazier, 41 N.M. 389, 69 P.2d 927 (1937).

■ However, a supplemental transcript of the district court records is now before us, and this shows that the record of the minutes was signed by the district judge. These signed minutes clearly show defendant is confined in the penitentiary pursuant to a judgment and sentence of the court entered upon the verdict of guilty. Thus, defendant must fail in his contention that no proper judgment and sentence had been entered. Compare State v. Hatley, 72 N.M. 377, 384 P.2d 252 (1963).

By his third point, defendant contends the trial court erred in holding that he was not entitled to raise under Rule 93 certain issues heretofore determined by our Supreme Court in State v. Nance, supra. The three issues here involved, which were determined on the prior appeal, are: (1) the conclusion reached by another district court in habeas corpus proceedings, that the confession was involuntary, was not binding on the trial court in the subsequent trial of this case; (2) the trial court properly refused to sustain the motions for a directed verdict at the close of the State's case and at the conclusion of all the testimony, for the reason that the evidence was sufficient to establish the corpus delicti; and (3) the defendant was properly charged as a principal, even though he might only have aided and abetted in the commission of the crime.

Defendant concedes these issues were determined on the prior appeal, but contends he is not thereby precluded from raising them again by motion under Rule 93. He argues that "[n]ew facts may be discovered and new law may find decision during the period between conviction, affirmance and filing of the Motion to Vacate Judgment and Sentence." He concedes there is considerable federal case law contrary to his contention. Gebhart v. Hunter, 184 F.2d 644 (10th Cir. 1950); United States v. Rosenberg, 108 F.Supp. 798 (S.D.N.Y. 1952), aff'd 200 F.2d 666 (2nd Cir. 1952), cert. denied, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384 (1953). However, he urges, but we do not necessarily agree, that the better reasoned federal cases support his position. Taylor v. United States, 193 F.2d 411 (10th Cir. 1952); Wallace v. United States, 174 F.2d 112 (8th Cir. 1949), cert. denied, 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749 (1949); United States v. Coy, 57 F.Supp. 661 (W.D.Ky.1944).

■ Even conceding the correctness of his position, he must still fail here. He does not claim, allege or argue the discovery of new facts or the pronouncement of new law. Issues raised and decided on a prior appeal may not be re-litigated in post-conviction proceedings. State v. Williams, supra. The purpose of our Rule 93 has already been served. He is not entitled to successive determinations on the merits of the same issues. State v. Sisneros, 79 N.M. 600, 446 P.2d 875 (1968).

Defendant's final point is that the trial court erred in failing to appoint counsel to represent him in the presentation of his motion and in failing to grant him a hearing.

**126**

We have already concluded that there is no merit to the issues raised by his motion. Thus, the trial court did not err in failing to provide him with counsel and in dismissing his motion without a hearing. State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Ramirez, 78 N.M. 418, 432 P.2d 262 (1967); State v. McCroskey, 79 N.M. 502, 445 P.2d 105 (Ct.App.1968); State v. Sharp, 79 N.M. 498, 445 P.2d 101 (Ct.App.1968).

The order dismissing the motion should be affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.