489 P.2d 888

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Lloyd COVENS, Defendant-Appellant.**

**No. 702.**

Court of Appeals of New Mexico.

Oct. 1, 1971.

F. Randolph Burroughs, Fettinger & Burroughs, Alamogordo, for appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Convicted of "unlawful use of marijuana," defendant appeals. He contends: (1) no crime was charged; (2) the term "unlawful use" is void for vagueness; and (3) the admission of two marijuana cigarettes into evidence was not relevant to an "unlawful use."

*Whether a crime was charged.*

The information charged defendant with " . . . Unlawful Use of Marijuana, a violation of Section 54–7–51, . . . ."

N.M.S.A.1953 [Repl.Vol. 8, pt. 2, Supp. 1969 (repealed Laws 1971, ch. 245, § 13)]. Section 54–7–51, supra, stated penalties for unlawful use of marijuana but did not define the offense of "unlawful use." Unlawful use is declared an offense in § 54–7–50, N.M.S.A.1953 (Repl.Vol. 8, pt. 2). The 1971 amendment to § 54–7–50, supra, is not involved. See Laws 1971, ch. 245, § 8. Because the statutory reference was to the penalty section and not to the section establishing the crime, defendant asserts he was not charged with a crime and the charge against him should be dismissed. We disagree.

Section 41–6–7(1) (b), N.M.S.A. 1953 (Repl.Vol. 6) states an information is valid and sufficient if it states " * * * so much * * * of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged." When the information charged defendant with unlawful use of marijauna it charged defendant with enough of § 54–7–50, supra, to give defendant notice of the offense intended to be charged.

Defendant asserts, however, that the reference to § 54–7–51, supra, is fatal to the information; that a statutory reference in an information is required to be accurate, regardless of the provisions of § 41–6–7, supra. He relies on State v. Anderson, 40 N.M. 173, 56 P.2d 1134 (1936). State v. Anderson, supra, was sufficiently distinguished in Smith v. Abram, 58 N.M. 404, 271 P.2d 1010 (1954) so as not to be applicable. State v. Holly, 79 N.M. 516, 445 P. 2d 393 (Ct.App.1968) specifically held that where the allegations in an information were sufficient (as here) to charge the offense under § 41–6–7, supra, a statutory misreference did not make the information fatally defective.

*"Unlawful use" as being void for vagueness.*

Section 54–7–50, supra, does not define "unlawful use." Defendant asserts

that this term, being undefined, is vague and uncertain and, therefore, violates the requirements of due process. Compare State v. Minns, 80 N.M. 269, 454 P.2d 355 (Ct.App.1969). The answer to this claim is that § 54–7–50, supra, makes all use of marijuana unlawful unless the use comes within one of the exceptions stated in that section. Since no claim is made that any of the exceptions are in any way involved, the applicable portion of § 54–7–50, supra, reads: "* * * the use of marijuana is unlawful * * *." We see no constitutional vagueness in this unqualified prohibition on the use of marijuana.

*Relevancy of two marijuana cigarettes to unlawful use.*

Two undercover agents (a State Policeman and a City of Roswell detective) testified that a number of people were at a residence in Alamogordo. One of the persons present had a plastic bag containing three or four hand rolled cigarettes and some loose material. The cigarettes were taken from the bag and smoked by those present, including the defendant. Other cigarettes were rolled from the loose material in the bag, and placed on a table. Some of these were also smoked. The two cigarettes ad-mitted into evidence were taken from the table. They contained marijuana.

Defendant asserts these two cigarettes should not have been admitted. He points out that he was not charged with "possession" of marijuana but with "unlawful use." He argues that the cigarettes were not relevant to the charge of "unlawful use" because these two cigarettes had never been used. He uses "irrelevant" in the sense of "no logical relationship to the facts in issue."

The relevancy, the logical relationship between the facts in issue and the two cigarettes, is as follows: defendant smoked a cigarette made up from the loose material in the plastic bag. The cigarettes in question were also made from the loose material in the plastic bag. Defendant "used" a cigarette made from the same material as the cigarettes in question. The cigarettes in question contained marijuana. They were, therefore, relevant to the question of defendant's use of marijuana, and were properly admitted.

The amended judgment and sentence is affirmed.

It is so ordered.

SUTIN and COWAN, JJ., concur.